847 So.2d 1101 (2003)
Laurence ZIMMERMAN and Kimberly Zimmerman, Appellants,
v.
OLYMPUS FIDELITY TRUST, LLC and PaineWebber, Inc., Appellees.
No. 4D02-2843.
District Court of Appeal of Florida, Fourth District.
June 18, 2003.
Richard P. Zaretsky of Richard P. Zaretsky, P.A., West Palm Beach, for appellants.
Alfred A. Lasorte of Shutts & Bowen, LLP, Jane Kreusler-Walsh of Jane Kreusler-Walsh, P.A., and Michael T. Kranz of Jones, Foster, Johnston & Stubbs, P.A., West Palm Beach, for appellee Olympus Fidelity Trust, LLC.
*1102 STEVENSON, J.
This is an appeal from a final summary judgment of foreclosure in a mortgage case. We reverse.
Palm Beach National Bank filed a complaint for foreclosure against Laurence and Kimberly Zimmerman, seeking to foreclose on two mortgages in which the Zimmermans had failed to make timely payments. The Zimmermans and Palm Beach National entered into a settlement agreement which was accepted by the trial court. Among other conditions, the Zimmermans were required to bring the past mortgage payments current and to remain current with future payments. Pursuant to the terms of the agreement, the suit was dismissed with prejudice. The trial court retained jurisdiction to enforce the terms and conditions of the settlement agreement.
Approximately five months later, Palm Beach National filed a motion for default and for entry of final judgment, alleging that the Zimmermans defaulted under the terms of the settlement agreement by failing to remain current with future payments. Based on an uncontested affidavit that the Zimmermans had failed to remain current with the mortgage payments, the trial court entered a final summary judgment of foreclosure. This appeal followed.[1]
We must reverse because the settlement agreement did not contain a provision which provided for summary foreclosure as a remedy for the Zimmermans' default. In making its ruling, the trial court did not have the benefit of the recent Florida Supreme Court case of Paulucci v. General Dynamics Corp., 842 So.2d 797 (Fla.2003), wherein the court clarified that:
[W]hen a court incorporates a settlement agreement into a final judgment or approves a settlement agreement by order and retains jurisdiction to enforce its terms, the court has the jurisdiction to enforce the terms of the settlement agreement even if the terms are outside the scope of the remedy sought in the original pleadings. However, the extent of the court's continuing jurisdiction to enforce the terms of the settlement agreement is circumscribed by the terms of that agreement. Thus, if a party is claiming a breach of the agreement and is seeking general damages not specified in the agreement, the appropriate action would be to file a separate lawsuit.

Id. at 803 (footnote omitted)(emphasis added).
Settlement agreements are interpreted and governed by the law of contracts. See Spiegel v. H. Allen Holmes, Inc., 834 So.2d 295, 297 (Fla. 4th DCA 2002). Here, the parties did not provide that foreclosure would occur automatically if the Zimmermans failed to remain current with their payments. In fact, no default provisions were provided in the contract at all.[2] Thus, this case is distinguishable from those in which summary judgments of foreclosure have been affirmed on appeal where the settlement agreements provided for the entry of final judgment in the event of a breach by the borrowers. See BAC Int'l Credit *1103 Corp. v. Macia, 626 So.2d 1037 (Fla. 3d DCA 1993); Fed. Deposit Ins. Corp. v. Hemmerle, 592 So.2d 1110 (Fla. 4th DCA 1991).
Accordingly, the final judgment of foreclosure is reversed. As our supreme court further stated in Paulucci quoting from the Fifth District's decision in that case:
"By enforcing a contract, it is assumed that the contract has continuing validity and a party is ordered to comply with its terms. A breach of contract action presupposes that the contractual relationship is at an end because of a material breach by one party and damages are sought by the non-breaching party as a substitute for performance."
842 So.2d at 803 (quoting Gen. Dynamics Corp. v. Paulucci, 797 So.2d 18, 20 (Fla. 5th DCA 2001)). In the instant case, Palm Beach National was not seeking to enforce performance of the settlement agreement, but instead, was seeking a remedy of foreclosure for the Zimmermans' breach of that agreement. Foreclosure was not an option under the agreement. Because the lawsuit was dismissed, foreclosure is only possible if a new lawsuit is filed. On remand, the trial court is free to consider other available measures to "enforce" the parties' settlement agreement.[3]
REVERSED and REMANDED.
GUNTHER and TAYLOR, JJ., concur.
NOTES
[1] After the appeal was filed, this court issued an order allowing Olympus Fidelity Trust, LLC to be substituted in place of Palm Beach National Bank as appellee.
[2] Although the settlement agreement provided that the Zimmermans "acknowledged" that they had defaulted under the terms of the mortgage and that they "agree[d]" to waive any defenses to the foreclosure of the mortgage, there was still a missing link. The agreement fell short of providing that if the payments were not made when due, a final judgment of foreclosure could be entered against the Zimmermans.
[3] PaineWebber, Inc., the holder of a third mortgage on the property, was also a named defendant and was included in the final summary judgment. The court's final judgment is reversed in toto.