916 So.2d 991 (2005)
TINY TREASURES ACADEMY & GET WELL CENTER, INC. and Rachel Kimberly Boyd, Appellants,
v.
STIRLING PLACE, INC., Appellee.
No. 4D05-230.
District Court of Appeal of Florida, Fourth District.
December 28, 2005.
*992 David J. Valdini and Sharon Kung of Valdini & Palmer, P.A., Fort Lauderdale, for appellants.
Wayne Kaplan of Wayne Kaplan, P.A., Boca Raton, for appellee.
PER CURIAM.
Tiny Treasures Academy and Get Well Center, Inc. and Rachel Kimberly Boyd (a principal of Tiny Treasures) appeal a final judgment awarding damages of $25,799.36 to Stirling Place, Inc. We write to address one of the three issues raised on appeal, that of whether the trial court erred by awarding damages for lost rent from a subsequent tenant. We reverse on that issue and affirm in all other respects.
Stirling Place filed a complaint against Tiny Treasures for failure to pay rent and eviction under a commercial lease. The lease included a provision indicating that Tiny Treasures remitted a security deposit of $24,771.49 and permitting Stirling Place to apply that amount to rent, charges in arrears, and damages.
Stirling Place and Tiny Treasures entered into a Stipulation for Settlement that was approved by the trial court. The settlement includes the following relevant provision. Paragraph 13 provides:
The parties acknowledge that there are existing stains on the carpet, classroom cabinets where the sinks cannot be used and broken water fountains. Defendant *993 shall not be liable for these items. However, in the event defendant causes damages to the premises, Plaintiff may seek judgment against Defendant for same and the Court herein shall have jurisdiction regarding same.
Tiny Treasures vacated the premises as agreed in the settlement, but removed items additional to those it was permitted to remove by the settlement, resulting in damage to the premises. Stirling Place claimed that the removal of these additional items caused damage to the premises and sought a final judgment for the same based on Paragraph 13 of the settlement. Tiny Treasures responded that it did not cause any damage, and that any damage to the premises resulted from Stirling Place's wrongdoing. However, Tiny Treasures asserted that even if it were deemed to have committed the damage, any damages should be set-off from Tiny Treasures' security deposit.[1] Stirling Place filed a Motion for Final Judgment and the case was set for trial on breach of the settlement, including Paragraph 13.
The trial court held hearings on the Motion for Final Judgment. In addition to the amount of damages to the premises, Stirling Place requested an award for loss of rent due to the delayed occupancy of the tenant subsequent to Tiny Treasures. The subsequent tenant was unable to occupy the premises until the damage caused by Tiny Treasures' removal of the additional items from the premises was repaired. Tiny Treasures objected, arguing that lost rent was not part of the damages provided for in the settlement. The trial court sustained the objection, finding that lost rent was not damage under the terms of the settlement agreement. However, testimony regarding the lost rent was had at a subsequent hearing. In its written closing argument, Stirling Place indicated that the amount of damages to the premises was $5,452.91 and that the amount of lost rent was $20,346.45, for a total of $25,799.36 in damages. The trial court entered a written Final Judgment in favor of Stirling Place and against Tiny Treasures and Boyd for damages in the amount of $25,799.36. This appeal ensued.
"Settlement agreements are interpreted and governed by the law of contracts." Zimmerman v. Olympus Fid. Trust, LLC, 847 So.2d 1101, 1102 (Fla. 4th DCA 2003); see also Spiegel v. H. Allen Holmes, Inc., 834 So.2d 295, 297 (Fla. 4th DCA 2002). "The standard of review applicable to contract interpretation is de novo." Leisure Resorts, Inc. v. City of West Palm Beach, 864 So.2d 1163, 1166 (Fla. 4th DCA 2003). Furthermore, "[i]t is axiomatic that where the language of a contract is clear and unambiguous, a trial court is not at liberty to modify the agreement and therefore must give effect to its express provisions." Dickerson Fla., Inc. v. McPeek, 651 So.2d 186, 187 (Fla. 4th DCA 1995).
Tiny Treasures contends that the trial court modified the plain language of the settlement by awarding lost rent. Under Tiny Treasures' interpretation, Paragraph 13 does not provide for damages such as lost rent, but rather for "physical" damages to the premises. Tiny Treasures suggests that these physical damages should be defined to include only those of similar kind to the other damages addressed in Paragraph 13.
Stirling Place responds that including lost rent in the damages award does not amount to a modification of the terms of *994 Paragraph 13, but rather is a permissible judicial determination that those terms encompass damages resulting from damages to the premises, such as lost rent.
This issue centers on the meaning of the term "damages to the premises." "To" is a preposition and "the premises" is a noun phrase that is the object of the preposition. As such, the prepositional phrase "to the premises" modifies the noun "damages" and defines the location of the damages. With this understanding, the question becomes whether lost rent is a damage to the premises, meaning that the location of the injury stemming from the lost rent is the premises. It seems that what is damaged by lost rent is not the premises, in the sense that the premises will not be rendered physically imperfect by the loss of rent, but rather the bank account of the corporation owning the premises.
This interpretation is further bolstered by the rule of ejusdem generis, which provides that "`where the enumeration of specific things is followed by a more general word or phrase, the general phrase is construed to refer to a thing of the same nature as the preceding specific things.'" Frymer v. Brettschneider, 710 So.2d 10, 12 (Fla. 4th DCA 1998) (citation omitted). Paragraph 13 lists existing damages that are exempt from liability, including stains on the carpet, inoperable cabinets/sinks, and broken water fountains, prior to stating that Tiny Treasures will be liable for "damages to the premises." Thus, the specific damages excluded should be read to modify the general damages included, so that the damages contemplated by Paragraph 13 encompass only similar physical damages to the premises and not lost rent.
Therefore, we conclude that the trial court's initial ruling that Paragraph 13 did not encompass lost rent was correct. As such, the trial court erroneously included recovery for lost rent in the damages award. Consequently, we reverse and remand for a recalculation of the damages award that does not include damages for lost rent. We affirm the final judgment in all other respects.
Affirmed in Part, Reversed in Part.
GUNTHER, GROSS and HAZOURI, JJ., concur.
NOTES
[1] Tiny Treasures' affirmative defense of set-off was ultimately stricken by the trial court, and this ruling, as raised in one of the other issues on appeal in this case, is affirmed without further comment.