STONE, J.
The Zimmermans, mortgagors, appeal a final summary judgment entered on their breach of contract claim against mortgagee Colonial. We affirm.
In 1998, the Zimmermans executed a promissory note in favor of Palm Beach National Bank and Trust Company (PBNB)[1] in the amount of $2,500,000 that was secured by a mortgage on a Palm Beach residence (“first mortgage”). The relevant provisions of the first mortgage are as follows:
Paragraph 18 — Borrower’s Right to Reinstate
If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued... .These conditions are that Borrower: (a) pays Lender all sums which would then be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements....
Paragraph 21 — Acceleration; Remedies
Lender shall give notice to Borrower prior to acceleration following Borrower’s breach of any covenant or agreement in this Security Instrument.... The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure....
Later in 1998, the Zimmermans executed an equity line of credit agreement in the amount of $450,000, later increased to $1,150,000, that was secured by a second mortgage (“second mortgage”).
*654 The relevant provisions of the lender’s rights portion of the equity credit agreement are as follows:
(a) Termination and Acceleration. We can terminate your Credit Line Account and require you to pay us the entire outstanding balance in one payment, and charge you certain fees, if any of the following happen:
(2) You do not meet the repayment terms of this Credit Line Account.
(b) Suspension or Reduction. In addition to any other rights we may have, we can suspend additional extensions of credit or reduce your Credit Limit during any period in which the following are in effect:
(3) You are in default under any material obligations of this Credit Line Account. We consider all of your obligations material. Categories of material obligations include the events described above under Termination and Acceleration, obligations to pay fees and charges ... No default will occur until we mail or deliver a notice of default to you, so you can restore your right to credit advances.
The relevant provisions of the second mortgage are as follows:
IX. If default should be made in the payment of any installment of principal or interest of said Note or any part thereof for ten (10) days after it is due, or in payment when due of any other sum secured hereby, without notice or demand which are hereby expressly waived ... then all of the indebtedness secured hereby shall become and be immediately due and payable at the option of Mortgagee....
XXV. An event of default in any obligation between Bank and Borrower (this loan or “Related Loans”) shall be deemed an event of default in all obligations between Bank and Borrower or Related Borrowers (“Cross-Default Right”) and, in such event, Bank may proceed to enforce any security interest irrespective of which indebtedness it secures and utilize all rights and remedies available at law (“Cross-Col-lateralization Right”).
In 2001, pursuant to paragraph 21 of the first mortgage, PBNB sent a notice of default to the Zimmermans for arrearages in payments on both mortgages and filed a complaint to foreclose the mortgages. On July 31, 2001, the parties entered into a settlement, which required the Zimmer-mans to pay the arrearages and provided a new maturity date for both mortgages.
In January 2002, PBNB advised the Zimmermans that they were once again in default on the mortgages because of ar-rearages. This notice did not comply with the notice provision in paragraph 21 of the first mortgage. PBNB then filed a motion for default and entry of final judgment. At the hearing on the motion of default, the Zimmermans’ attorney claimed PBNB’s attorney refused to accept a check he tendered on behalf of the Zimmermans representing his understanding of the ar-rearages due.
The court granted PBNB’s motion for default and entry of final judgment and PBNB filed a motion for summary judgment of foreclosure as to both mortgages. The court entered a final judgment of foreclosure which the Zimmermans appealed. Zimmerman v. Olympus Fid. Trust, 847 So.2d 1101 (Fla. 4th DCA 2003). We reversed because the settlement agreement did not provide summary foreclosure as a remedy.
Following remand, the Zimmermans ultimately filed the instant amended com *655 plaint.[2] Count II is for breach of contract against Colonial, wherein the Zimmermans allege that Colonial breached by failing to reinstate the mortgages.
Colonial filed a motion for summary judgment as to count II of the amended complaint. Colonial asserted that pursuant to the provisions of the lending documents, the Zimmermans were not entitled to reinstatement in January 2002, or any time thereafter. The court granted Colonial’s motion for summary judgment.
It is undisputed that the Zimmermans failed to tender the accelerated balance due on the second mortgage and that Colonial did not allow the Zimmermans to reinstate the mortgages.
“It is well settled that where a term of a contract is clear and unambiguous or only one logical interpretation consistent with the intent of the parties exists, the court must give the contract that meaning.” Gorman v. Kelly, 658 So.2d 1049, 1052 (Fla. 4th DCA 1995)(citing Blue Cross & Blue Shield of Fla. v. Cassady, 496 So.2d 875, 877 (Fla. 4th DCA 1986)).
We reject the Zimmermans’ contention that Colonial breached the mortgages by Colonial’s failure to comply with the notice provision contained in paragraph 21 of the first mortgage. We conclude that whether proper notice under the first mortgage was given is not dispositive as, here, the significant issue is whether the Zimmermans had a right to reinstate.
Under the terms of the second mortgage, Colonial had the right to accelerate that mortgage when the Zimmermans defaulted by failing to make payments, there was no requirement to give prior notice of cancellation, and the Zimmermans had no right under that mortgage to reinstate. While the Zimmermans did have a right to reinstate under the first mortgage, reinstatement was contingent upon their curing the default under the second mortgage. To cure the default under the second mortgage, the Zimmermans were required to pay the accelerated amount of that mortgage, which they undisputedly did not do.
Because we conclude that the borrowers had no right of reinstatement under the circumstances, we affirm the entry of summary judgment.
POLEN and FARMER, JJ., concur.

. PBNB was acquired by Colonial Bank. The promissory notes in question were then assigned to Olympus. The final summary judgment on appeal relates only to a breach of contract claim against Colonial.

. Counts I and III of the amended complaint were against Olympus and are not at issue in this appeal.