MAY, J.
The seller appeals a partial summary judgment that determined he was not entitled to a one million dollar deposit as liquidated damages for the buyers’ breach of an agreement for the sale of real property. The outcome of the appeal is determined by whether Lefemine v. Baron, 573 So.2d 326 (Fla.1991) applies. We hold that it does not and reverse.
On June 23, 2005, the buyers agreed to purchase the seller’s home for $5,750,000. The buyers paid an initial deposit of $275,000 with the balance due at the August 15, 2005 closing. The contract provided “for liquidated damages of all deposits in full settlement of any claims for failure to perform this contract.”
When the buyers were unable to close, the parties entered into Addendum No. 2 on August 13, 2005. This Addendum extended the closing date to November 15, 2005; required the buyers to pay an additional $725,000 deposit; and allowed disbursement of the $275,000 initial deposit to the seller. It also permitted the buyers to occupy the property beginning August 13, 2005, until the closing date of November 15, 2005. In exchange, the buyers agreed to pay an “Occupancy Fee” of $28,750 per month starting September 13, 2005, and became responsible for the maintenance and utility fees.
The Addendum provided that the “deposit shall be a deposit held under the Contract and not a security deposit arising out of the occupancy of the Property.” The default section provided:
A default in any of Purchaser’s obligations under this Addendum No. 2 shall be a default in the Contract. In the event Purchaser fails to make any payment due to Seller pursuant to this Addendum No. 2, the Contract shall be in default and Seller shall have the right to terminate the occupancy by giving notice to Purchaser at the Property and all other rights and remedies which may be available under Florida law.
The buyers failed to pay some of the occupancy fees, maintenance/utility fees, and the requisite monies at closing. The parties then extended the closing date to November 30, 2005. Once again, the buyers failed to close.
The seller evicted the buyers from the home seven-and-a-half months later. He then filed suit against the buyers for damages resulting from the buyers’ occupancy of the home. The buyers filed an amended answer and counterclaim.
Count three of the buyers’ counterclaim requested return of the million dollar deposit. Relying on Lefemine, the buyers filed a motion for partial summary judgment. They argued that the deposit constituted an impermissible, unenforceable penalty. The trial court agreed and entered a partial summary judgment, ordering the seller to return the one million dollar deposit to the buyers within fifteen days.
The seller moved for rehearing and argued the ruling was contrary to the intention of the parties. The trial court agreed to rehear the matter if the seller deposited the one million dollars into the trust account of the buyers’ attorney. The seller did not deposit the monies and filed this non-final appeal.
The seller argues that Lefemine does not apply because the default provision of the Addendum did not provide the *68 seller with an option to pursue actual damages in lieu of, or in addition to, the liquidated damages for breach in the contract for sale of the property. The buyers argue the language of the Addendum modified the contract to provide the very sort of option that Lefemine prohibits.
This appeal requires us to review the language of the contract and to determine whether Lefemine applies. We undertake de novo review of trial court orders interpreting contracts. Tiny Treasures Acad. & Get Well Ctr., Inc. v. Stirling Place, Inc., 916 So.2d 991, 993 (Fla. 4th DCA 2005) (quoting Leisure Resorts, Inc. v. City of West Palm Beach, 864 So.2d 1163, 1166 (Fla. 4th DCA 2003)).
In Lefemine, the Supreme Court of Florida reviewed a contract that permitted the seller an option to either retain the security deposit as liquidated damages or bring an action at law for actual damages. 573 So.2d at 328. The court held that the forfeiture clause “constituted a penalty as a matter of law because the existence of the option negated the intent to liquidate damages.” Id. at 330.
We find Lefemine inapplicable for the following reasons. First, Lefemine reiterated this state’s long-standing policy of disallowing penalty provisions for breach of a real estate contract. See, e.g., Poinsettia Dairy Prods. v. Wessel Co., 123 Fla. 120, 166 So. 306 (1936); Southern Menhaden Co. v. How, 71 Fla. 128, 70 So. 1000 (1916). Those policy concerns are inapplicable to a new agreement entered into to resolve a dispute after a breach has occurred. Here, the buyers entered into a new agreement with a larger deposit to extend the closing date and avoid loss of their initial deposit. Second, the Lefemine contract did not include the rental of the subject property pending the closing. And third, the default provision in the Addendum simply provided alternative remedies for the buyers’ breach of the rental and maintenance/utility fee provisions.
We therefore reverse the partial summary judgment and remand the case to the trial court for further proceedings consistent with this opinion.

Reversed and Remanded.

STONE and FARMER, JJ., concur.