PER CURIAM.
We have before us an appeal of the enforcement of a settlement agreement in which the trial court awarded damages to Appellees. We affirm. The terms of the settlement agreement provided that Appel-lees would have the right to market and sell certain property for a period of one year, and included the following language: “Plaintiffs [Appellees] shall dismiss this case with prejudice subject only to reserving the right to enforce this agreement.” Before dismissing the suit, Appellees filed a motion to enforce the settlement agreement. Appellants argued that the trial court did not have jurisdiction to enforce the contract and that, instead, Appellees should file a separate suit to allege a breach of the settlement agreement. Appellants filed a motion requesting the trial court dismiss the case with prejudice, as required by the settlement agreement. On October 14, 1998, the trial court entered an order of dismissal, stating:
1. The court has reviewed the settlement agreement entered into by the parties, which has been filed with the court.
2. The court relies on the settlement in dismissing this action.
The trial court adjudged the action dismissed with prejudice, except “[t]his court specifically retains continuing jurisdiction to enforce the terms of the settlement agreement.” The trial court entered Final Judgment against Appellants, and awarded damages to Appellees pursuant to a mathematical calculation contained in the settlement agreement.
We find Oceanair of Florida, Inc. v. Beech Acceptance Corporation, 545 So.2d 443 (Fla. 1st DCA 1989), relied upon by Appellants, distinguishable, and instead follow Buckley Towers Condominium, Inc. v. Buchwald, 321 So.2d 628 (Fla. 3d DCA 1975). Our review of Florida case law reveals an irreconcilable difference between Buckley Towers and opinions of the Fifth District in General Dynamics Corporation v. Paulucci, 797 So.2d 18 (Fla. 5th DCA 2001), George Vining & Sons, Inc. v. Jones, 498 So.2d 695 (Fla. 5th DCA 1986), and Wallace v. Townsell, 471 So.2d 662 (Fla. 5th DCA 1985). Therefore, we certify conflict with those cases.[1]
The remaining issues raised by Appellants are without merit, and we affirm without discussion.
*828 AFFIRMED; CONFLICT CERTIFIED.
BOOTH, BENTON and VAN NORTWICK, JJ., CONCUR.

. In General Dynamics Corp., 797 So.2d at 21, the Fifth District certified the following issue to the Florida Supreme Court as being one of exceptional importance and as being in conflict with Buckley Towers:
DOES A COURT WHICH APPROVES A SETTLEMENT AGREEMENT RETAIN JURISDICTION TO ENFORCE THE TERMS THEREOF EVEN IF THE REMEDY SOUGHT IS OUTSIDE THE SCOPE OF THE ORIGINAL PLEADINGS?