ON REMAND

PER CURIAM.
This cause was remanded to us for further consideration in light of the supreme court’s decision. Paulucci v. General Dynamics Corp., 842 So.2d 797, (Fla.2003).
The facts upon which this action is based are more fully detailed in our original decision. General Dynamics Corp. v. Paulucci, 797 So.2d 18 (Fla. 5th DCA 2001). The dispute centers around the pollution of Appellees’ property by Appellant. After much litigation, the parties reached a written settlement agreement that required, among other things, Appellant to remedy the pollution to Appellees’ property. After an alleged breach of the settlement agreement, the trial court heard evidence and concluded that Appellant had breached the settlement agreement, and it awarded damages (measured by a stipulated sum) and attorney’s fees. On appeal from that order, we held that the trial court did not have subject matter jurisdiction to enforce the settlement agreement. Paulucci 797 So.2d at 21. We certified the question, however, to the supreme court. Alternatively, we held that, even if the trial court had jurisdiction over the subject matter, Appellees did not prove a necessary condition precedent to the award of damages. We also reversed the award of attorney’s fees and costs. Paulucci 797 So.2d at 22-23.
The supreme court quashed our decision as it related to the jurisdictional issue, holding that the trial court did have jurisdiction to enforce the settlement agreement. The court declined, however, to address the issues of whether the trial court erred in awarding damages and attorney’s fees.
Based on our analysis in General Dynamics Corp. v. Paulucci 797 So.2d 18 (Fla. 5th DCA 2001), we hold that the trial court erred in entering judgment for the stipulated rental payments and that the trial court erred in awarding to Appellees’ their attorney’s fees and costs in connection with the enforcement of the settlement agreement. The judgment of the trial court, therefore, is reversed.
REVERSED.
PETERSON, ORFINGER and TORPY, JJ., concur.