KELLY, Judge.
The petitioners seek certiorari review of the order denying their motion to strike the respondents’ motion to enforce a mediated settlement agreement and for a protective order. We grant the petition.
In order to settle a lawsuit that arose from a business dispute, the parties entered into a mediated settlement agreement (the Agreement) that required the petitioners to pay 3.2 million dollars to the respondents. The money was to be paid from the net proceeds generated by the sale of certain parcels of real estate. The Agreement set forth a schedule for the closings and specified that the proceeds of each sale were to be disbursed 75% to the respondents and 25% to the petitioners until the settlement sum was paid in full. The Agreement also provided that if either party defaulted under its executory terms, the aggrieved party could file a motion seeking enforcement. The trial court granted the parties’ joint motion to adopt the Agreement and retained jurisdiction “to enforce the terms of the Mediation Agreement.” Approximately one month later, the parties executed an escrow agreement that, among other things, specified the documentation that the petitioners and the escrow agent were to supply to the respondents in connection with each closing.
The petitioners tendered their last required payment ahead of schedule. The respondents, however, rejected this final payment and filed a motion to enforce the Agreement. In their motion, the respondents claimed that the petitioners failed to provide some of the documentation related *589 to the closings and that this breach caused them to incur attorney’s fees to investigate and obtain this information. The respondents sought to recover those fees as well as conduct discovery in connection with their motion. The respondents scheduled thirty-one depositions and made seventy-eight requests for documents to be produced.
The petitioners moved to strike the respondents’ motion and sought a protective order from the discovery. They argued that the circuit court only retained jurisdiction to enforce the executory terms of the Agreement, that they had fully performed all of their obligations under the Agreement, and that the respondents’ motion was in essence a claim for damages for an alleged breach of the escrow agreement. The circuit court denied the petitioners’ motion to strike and for a protective order and indicated its intention to allow the respondents to proceed with the claims raised in their motion. The petitioners argue that they are entitled to certiorari relief because the circuit court is without jurisdiction over the matters raised in the respondents’ motion and therefore the court should have granted their motion to strike and for a protective order. We agree.
Initially, we note that certiorari is the proper vehicle to review whether the lower court has exceeded its jurisdiction. See Hudson v. Hofmann, 471 So.2d 117 (Fla. 2d DCA 1985). In terms of deciding whether the circuit court here has exceeded its jurisdiction, we hold that Paulucci v. General Dynamics Corp., 842 So.2d 797, 803 (Fla.2003), is dispositive:
[Wjhen a court incorporates a settlement agreement into a final judgment or approves a settlement agreement by order and retains jurisdiction to enforce its terms, the court has the jurisdiction to enforce the terms of the settlement agreement .... However, the extent of the court’s continuing jurisdiction to enforce the terms of the settlement agreement is circumscribed by the terms of that agreement.
Here, the petitioners have satisfied all of their obligations under the Agreement. The respondents’ motion does not seek to enforce the terms of the Agreement, which is the only matter over which the circuit court continues to have jurisdiction. Rather, the respondents’ motion seeks damages in the form of attorney’s fees incurred as a result of alleged breaches of the escrow agreement. The circuit court’s reservation of jurisdiction does not extend to this agreement. Moreover, even if it did extend to enforcement of the escrow agreement, the circuit court still would not have jurisdiction over the respondents’ motion because the motion does not seek to enforce that agreement but rather seeks damages for an alleged breach. Again, Paulucci is controlling: “[I]f a party is claiming a breach of the agreement and is seeking general damages not specified in the agreement, the appropriate action would be to file a separate lawsuit.” Id. Accordingly, we conclude the circuit court exceeded its jurisdiction in allowing the respondents to proceed with their motion and the attendant discovery. We therefore grant the petition for writ of certiorari and quash the circuit court’s order.
Petition granted; order quashed.
ALTENBERND, C.J., and FULMER, J., Concur.