993 So.2d 1092 (2008)
BOCA PETROCO, INC., Ali M. Jaferi, Trico V Petroleum, Inc., Trico VI Petroleum, Inc., Trico VII Petroleum, Inc., USA Grocers Group, Inc., JAF Investment Group, Inc., USAG Petro, LLC, USAG Oil & Gas, Inc., Appellants,
v.
PETROLEUM REALTY I, LLC, Petroleum Realty II, LLC, Petroleum Realty V, LLC, Appellees.
No. 4D07-3140.
District Court of Appeal of Florida, Fourth District.
September 24, 2008.
Rehearing Denied November 4, 2008.
*1093 Alexander D. Varkas, Jr. and Robert A. Sweetapple of Sweetapple, Broeker & Varkas, P.L., Boca Raton, for appellants.
Mitchell W. Berger and Fred O. Goldberg of Berger Singerman, Fort Lauderdale, for appellees.

ON MOTION FOR WRITTEN OPINION
WARNER, J.
We withdraw our prior opinion and substitute the following in its place.
Appellants ("tenant") challenge a final judgment awarding appellees ("landlord") damages for breach of a lease agreement. The tenant contends that the trial court did not have continuing jurisdiction under a settlement agreement to award damages for its failure to correct environmental problems on the property, because those constituted general damages for breach of contract and not enforcement of the settlement agreement. To the extent that the final judgment included sums for breach of the lease's obligation to remediate environmental issues, we reverse. We affirm the remainder of the judgment.
This case arises from a series of lease agreements of gas stations in Florida and Georgia. In 2004 the landlord filed suit for breach of contract for nonpayment of rent and other charges under the lease. On the eve of trial, the case settled with a detailed settlement agreement which was read into the record. The court approved the verbal settlement agreement and retained jurisdiction to enforce its terms. The tenant agreed, among other things, to pay part of the outstanding rent; adhere to a new rent schedule at a 40% discount; pay future insurance and taxes for all units; dismiss two pending appeals in a separate action between the parties; and execute additional guaranties. If the tenant defaulted on any financial obligation, it agreed to an "automatic writ of possession" and an "affidavit prove up of damages" based upon any uncured default.
Almost immediately, the tenant defaulted on its obligations under the settlement agreement, which began a three-year attempt by the landlord to obtain compliance with the terms of the settlement. At first, the landlord sought to vacate the settlement agreement based upon the lack of meeting of the minds, but after a lengthy hearing in January of 2006, the trial court deemed the agreement enforceable and ordered the tenant to comply. The tenant appealed this ruling, and this court affirmed. Trico V Petroleum, Inc. v. Petroleum Realty I, LLC, 939 So.2d 1075 (Fla. 4th DCA 2006) (table).
In accordance with the settlement agreement, the landlord then filed an ex parte motion for writ of possession together with an affidavit of amounts due under the lease and settlement agreements. The court found the tenant in breach of the leases and liable for $14,230,990.47 in damages due to failure to pay pre- and post-settlement rent, taxes, and insurance. The court continued to reserve jurisdiction to enforce the settlement agreement. The tenant appealed this issue, and again this court affirmed. Boca Petroco, Inc. v. Petroleum Realty I, LLC, 956 So.2d 464 (Fla. *1094 4th DCA 2007) (table). In the meantime, the landlord obtained possession of the properties, and the lease expired in June of 2006.
As concerns the environmental issue and judgment for damages involved in this appeal, the original lease required the tenant to comply with all environmental laws and to pay for any remedial work necessary to cure environmental violations or to indemnify the landlord if the tenant failed to remediate the violation. The settlement agreement also addressed environmental issues and required the tenant to "provide a full monthly environmental [] report for all the premises due on the first business day of each month to the [landlord]. This report is to include the detail that is provided as to steps being taken to remedy current environmental issues and to detail the compliance with lease provisions on environmental contamination issues."
On December 23, 2005, and again on March 7, 2006, the landlord sent the tenant a notice of default of the environmental provisions contained in the original leases as environmental violations had been assessed at the Georgia service stations. It also contended that the tenant had failed to file the reports required under the settlement agreement. It demanded that the violations be cured within thirty days. When the violations were not cured, the landlord filed several motions for possession and damages for the uncured environmental violations. The tenant objected that the assessment of damages for the violations was beyond the continuing jurisdiction of the court in the settlement agreement.
The court held a hearing on the environmental violations and damages in February 2007, after the landlord had obtained possession of the premises based upon the other financial defaults as to rent, and also after the lease had terminated. Based upon that hearing, the court found that the tenant had failed to correct environmental violations and awarded the landlord $1,901,000 in damages as the cost to correct. It incorporated this into a final judgment for the unpaid rent and ultimately included this amount in a final judgment based upon the unpaid rent, taxes, and insurance. From this order the tenant appeals.
The tenant claims that pursuant to Paulucci v. General Dynamics Corp., 842 So.2d 797 (Fla.2003), the trial court did not have continuing jurisdiction to assess damages for breach of contract on the environmental violations. We agree, as the trial court reserved jurisdiction to enforce the settlement agreement, and the damages assessed were not an enforcement of the settlement agreement.
In explaining the continuing jurisdiction of a trial court to enforce a settlement agreement, the Paulucci court held:
[W]hen a court incorporates a settlement agreement into a final judgment or approves a settlement agreement by order and retains jurisdiction to enforce its terms, the court has the jurisdiction to enforce the terms of the settlement agreement even if the terms are outside the scope of the remedy sought in the original pleadings. However, the extent of the court's continuing jurisdiction to enforce the terms of the settlement agreement is circumscribed by the terms of that agreement. Thus, if a party is claiming a breach of the agreement and is seeking general damages not specified in the agreement, the appropriate action would be to file a separate lawsuit.
Id. at 803 (footnote omitted). The court also set forth the distinction between enforcement of a settlement agreement and breach of the agreement:

*1095 We further approve of the distinction between the enforcement of the terms of the agreement and a general claim for breach of the agreement set forth by the Fifth District in its decision below:
By enforcing a contract, it is assumed that the contract has continuing validity and a party is ordered to comply with its terms. A breach of contract action presupposes that the contractual relationship is at an end because of a material breach by one party and damages are sought by the non-breaching party as a substitute for performance.
Id. (quoting Gen. Dynamics Corp. v. Paulucci, 797 So.2d 18, 20 (Fla. 5th DCA 2001)). Here, the landlord sought damages for a breach of the lease and settlement agreements. Damages substituted for performance of the lease agreements. The settlement agreement did not include payment of these damages as one of its terms. Thus, pursuant to Paulucci, this claim should have been brought as an independent suit.
The landlord claims, however, that the tenant either waived this argument or our decisions on the prior appeals make the circuit court's jurisdiction the law of the case. We reject both arguments. The tenant raised the court's continuing jurisdiction to determine damages for breach of the environmental claims the first time the landlord sought them. While it did not raise this issue in a myriad of prior motions directed to other aspects of the settlement agreement, the issues in those motions and pleadings directly involved issues of enforcement, e.g., requiring the production of guarantees, payment of rent, or exercise of an option to purchase under the lease. All these matters affirmed the lease agreement. In contrast, seeking damages for breach of the lease assumes that the contract is at an end, and "damages are sought by the non-breaching party as a substitute for performance." Id.
The landlord also claims that our affirmance of prior court orders involving the settlement are the law of the case such that the tenant cannot challenge continuing jurisdiction to award damages for breach of contract. Those appeals, however, involved issues of enforcement of the leases as amended by the settlement agreement rather than breach of the original leases. For the same reason that waiver does not apply, so too does the doctrine of law of the case not apply.
Because the trial court did not have continuing jurisdiction under the settlement agreement to enter a judgment for damages for breach of the lease agreement to cure environmental violations, we reverse that portion of the final judgment which includes damages for those breaches. We remand for vacation of that portion of the final judgment, without prejudice to the filing of an independent suit for those damages.
We affirm on the other issues raised in this appeal, as the remainder of the final judgment was specifically contemplated in the settlement agreement for which jurisdiction was reserved, and the procedures used comported with the terms of the settlement.
Affirmed in part, reversed in part, and remanded with directions.
POLEN and TAYLOR, JJ., concur.