ROTHENBERG, J.
Georgina Albert appeals a non-final order granting Gervasio Albert’s motion to reinstate an action that was “dismissed with prejudice” pursuant to a final order entered on December 19, 2007. For the reasons that follow, we affirm.

Background

Gervasio Albert sued his son, Miguel Albert, and his son’s then wife, Georgina Albert, in 2005 to recover $750,000 he allegedly loaned the couple for the construction of a house in Coral Gables. The couple divorced in 2006, and Georgina Albert (“former wife”) was awarded a condominium in Vail, Colorado, pursuant to the final judgment dissolving the marriage. In 2007, all three parties entered into a Settlement Agreement (“Agreement”) which stipulated that: Miguel Albert (“former husband”) and Gervasio Albert (“former husband’s father”) would pay the former wife $893,000; the former wife would execute a quitclaim deed transferring the Vail condominium to the former husband’s father; and the former husband’s father would dismiss all claims against his son and the former wife.
The Agreement also provided that if the former husband’s father was unable to secure financing or he failed to make payments timely, the former wife had the right to declare the Agreement null and void, and in that event, “the parties shall be returned to the position they were in immediately prior to the execution of the Agreement including, but not limited to, return of deeds, promissory notes, mortgages, etc.”
The order that was presented to the trial court, approved by the lawyers representing the parties, and signed by the trial court does not provide a modicum of clarity. Although the order approving the settlement states that the trial court is “dismissing the action with prejudice,” the order also states that the trial court was “reserving jurisdiction to both enforce the terms of the Settlement Agreement” and “the right to vacate and/or set aside the Settlement Stipulation and reinstate the action pursuant to the terms of the Settlement [AJgreement.” (emphasis added).
On May 1, 2008, the parties executed a Modification Agreement, allowing the former husband’s father additional time to obtain the required financing and increasing the payment from $893,000 to $907,500. The Modification Agreement required the former wife to quitclaim the Vail condominium to both herself and her former husband’s father so he could obtain financing. This deed was recorded. The former wife and former husband’s father also executed a second quitclaim deed transferring the property from themselves to the former wife individually. The Modification Agreement granted the former wife the authority to record the second deed if the former husband’s father defaulted. The former husband’s father failed to secure a loan and timely comply with his payment obligations. On July 23, 2008, the former *145 wife recorded the second deed and sold the property to a third party.
On March 31, 2009, the former husband’s father filed a motion to reinstate the action, alleging that by selling the Vail condominium, the former wife had declared the Agreement null and void, and pursuant to the Agreement, he was entitled to be placed in the same position he was in before the Agreement was executed. The trial court vacated its order approving the Agreement and reinstated the action. This appeal followed.
Analysis
The determinative issues in this appeal are: whether the former wife’s actions were, in effect, a declaration that the Agreement was null and void; whether her actions “returned the parties to the position they were in immediately prior to the execution of the Agreement”; and whether the trial court had jurisdiction to reinstate the lawsuit.
We answer all three questions in the affirmative and conclude that the trial court’s findings were correct. There is no question that the former wife was entitled to record the second quitclaim deed to the Vail condominium if the former husband’s father defaulted, and thereafter sell the condominium to a third party. The question, therefore, is whether the recording of the deed by the former wife quitclaiming the condominium to herself and her subsequent sale of the property was in effect, an election by the former wife to terminate the Agreement and for the trial court to vacate the order approving the Agreement and reinstate the former husband’s action against her. Based on our review of the trial court’s order approving the Agreement and the subsequent Modification Agreement signed by the parties, we conclude that the former wife’s actions — quit-claiming the deed to herself and selling the condominium to a third party after the former husband’s father defaulted on the conditions of the Agreement and the Modification Agreement — was an election by her to terminate the agreements and treat the two agreements as canceled and of no force and effect, thereby vesting the trial court with the authority to reinstate the former husband’s father’s action against her.
We base this finding on the following provisions contained in the trial court’s order approving the Agreement and the subsequent Modification Agreement.

ORDER APPROVING SETTLEMENT

[[Image here]]
ORDERED and ADJUDGED:
1) that this Settlement attached hereto and made a part hereof, be and is hereby approved,
2) that based on the facts so stipulated to between the parties herein, this action including all counterclaims and crossclaim is dismissed with prejudice ... with the Court reserving jurisdiction to both enforce the terms of the Settlement Agreement between the parties, with the Court noting that it specifically reserves the right to vacate and/or set aside the Settlement Stipulation and reinstate the action pursuant to the terms of the Settlement Agreement....
(bold emphasis added).

SETTLEMENT AGREEMENT

[[Image here]]
2. TERMS OF SETTLEMENT:
[[Image here]]
In the event that the Plaintiff [the former husband’s father] cannot, for any reason whatsoever, secure a new first loan from a lender as referred to herein, *146 then, and in that event, at the election of the Defendant, Georgina Albert, this Agreement may be declared null and void, of no force and effect, and the parties shall be returned to the position they were in immediately prior to execution of the Agreement including, but not limited to, return of deeds, promissory notes, mortgages, etc.
(bold emphasis added).
[[Image here]]
15. DEFAULT: In the event that Plaintiff or Defendant Miguel Albert, fail to comply with any term or condition of this Agreement ... including, but not limited to, failing to make any payment required ... then, in addition to all other rights to which Defendant, Georgina Albert, may be entitled, she shall also have the right to immediately initiate a foreclosure action.... As an alternative, and at the sole discretion of Defendant, Georgina Albert, in the event of a default of any term or condition of this Agreement or Agreement attached or referred to herein, Defendant, Georgina Albert, will have the right to treat this Agreement as canceled and of no force and effect. If Defendant, Georgina Albert, elects to have this Agreement or the matters referred to herein terminated and declared of no force and effect, Defendant, Georgina Albert, shall immediately be entitled to, among other things, immediate return of the deed delivered to Plaintiff or have Plaintiff immediately execute a quit claim deed to her returning the Subject Property to her.
(bold emphasis added).

FIRST MODIFICATION AND/OR AMENDMENT TO SETTLEMENT AGREEMENT

[[Image here]]
2. MODIFICATIONS AND/OR AMENDMENTS:
[[Image here]]
(C) DEFAULT: All of the terms of Paragraph 15 of the Settlement Agreement dated November 21, 2007, shall remain the same with the addition of ... [providing Georgina Albert with additional remedies upon a default by the Plaintiff].
3. NO OTHER MODIFICATIONS OR AMENDMENTS AND ACKNOWLEDGMENT OF SETTLEMENT AGREEMENT. Except as specifically provided herein, all of the other terms and conditions of that Settlement Agreement dated November 21, 2007, shall remain in full force and effect and the parties are bound thereby or Agreements.
The purpose of the Agreement (and Modification Agreement) was to transfer the Vail condominium from the former wife to the former husband’s father in exchange for a sum of money. In exchange for the former wife’s agreement to sell the property to the former husband’s father at the agreed upon price, the former husband’s father agreed to dismiss his lawsuit against the former wife. The Agreement provided for certain remedies upon default by the former husband’s father. The Modification Agreement expanded the former wife’s remedy options. Under the default provision of the Agreement, the former wife had the “right to treat this Agreement as canceled and of no force and effect” upon certain conditions, including the failure of the former husband’s father to make the scheduled payments. The Modification Agreement adopted this default provision.
In executing the order approving the Agreement, which was approved by the lawyers representing all of the parties, the trial court incorporated the Agreement by reference and reserved jurisdiction to *147 “both enforce the terms of the Settlement Agreement” and “to vacate and/or set aside the Settlement Stipulation and reinstate the action pursuant to the terms of the Settlement Agreement.”
As was her right, the former -wife “treat[ed]” the Agreement as canceled, quitclaimed the deed to herself, and sold the property, thus triggering the trial court’s clearly reserved jurisdiction to reinstate the lawsuit filed by the former husband’s father. Because the trial court approved the Agreement by order and retained jurisdiction to enforce its terms and to vacate or set aside the order approving the Agreement and reinstate the action, the trial court properly exercised its jurisdiction in this matter. See Paulucci v. Gen. Dynamics Corp., 842 So.2d 797, 799 (Fla.2003) (holding that “a court has jurisdiction to enforce a settlement agreement where the court has either incorporated the agreement into a final judgment or approved the agreement by order and retained jurisdiction to enforce its terms”); see also Buckley Towers Condo., Inc. v. Buchwald, 321 So.2d 628 (Fla. 3d DCA 1975) (holding that “even without an express reservation thereof, jurisdiction inherently remains in the trial court to make such orders as may be necessary to enforce its judgment”).
In Paulucei, the Florida Supreme Court recognized that “[sjubject matter jurisdiction ‘means no more than the power lawfully existing to hear and determine a cause.’ ” 842 So.2d at 801 (citing Cunningham v. Standard Guar. Ins. Co., 630 So.2d 179, 181 (Fla.1994)) (quoting Malone v. Meres, 91 Fla. 709, 109 So. 677, 683 (1926)). The Court further found that the issue presented in the certified question was really one of the trial court’s continuing jurisdiction. Paulucci, 842 So.2d at 801.
There is a difference between presenting a settlement agreement to the trial court for approval prior to dismissal of an action and cases where the parties voluntarily dismiss the action without an order of the court pursuant to Florida Rule of Civil Procedure 1.420. MCR Funding v. CMG Funding Corp., 771 So.2d 32 (Fla. 4th DCA 2000). A voluntary dismissal under rule 1.420(a) divests the trial court of continuing jurisdiction over the case. Randle-Eastern Ambulance Serv., Inc. v. Vasta, 360 So.2d 68, 69 (Fla.1978). However, where the parties, prior to dismissal, present a settlement agreement to the trial court for approval and the trial court enters an order of dismissal predicated on the parties’ settlement agreement, the trial court retains jurisdiction to enforce the terms of the settlement agreement. Paulucci, 842 So.2d at 802-03.
The former husband’s father failed to obtain the anticipated loan and make the requisite payments under either agreement. Based on the agreements, the former wife had a choice of remedies. The remedy she chose was to: (1) “treat [the agreements] as canceled and of no force and effect” and be “entitled to immediate return of the deed” (under the Agreement) or “forthwith, record the quit claim deed” held by her attorney (under the Modification Agreement); and (2) allow the trial court to declare the Agreement “null and void, of no force and effect,” and return the parties “to the position they were in immediately prior to execution of the Agreement.” Because the trial court, with the approval of all of the parties, reserved jurisdiction to enforce their Agreement and to reinstate the lawsuit upon a default by the former husband’s father, the trial court acted within its jurisdiction and properly reinstated the lawsuit.
Affirmed.