WARNER, J.
Petitioners seek review of the trial court’s order denying their motion to enjoin further prosecution of respondent’s motion to enforce a settlement agreement.[1] Respondent sought to compel performance of petitioner’s settlement obligations, and sought damages for the failure of performance. To the extent that respondent demanded damages caused by the breach of petitioners’ obligations, we grant the petition.
Petitioners, Olen Properties Corporation and Olen Residential Realty Corp., own various apartment complexes in Palm Beach County. In 2006, tenants filed a class action lawsuit against petitioners claiming that it was collecting unlawful charges against tenants in early cancellation of lease cases. Class representatives entered into a settlement agreement with petitioners. In the settlement, petitioners set up a fund for payment of claims of tenants, administered by a Claims Administrator. Each tenant could make a claim for the contested charges. In addition, and to the extent that the fund was not exhausted, tenants could make a claim for statutory damages. The settlement provided for notice to the class members and permitted the filing of claims up to sixty days after the approval of the settlement agreement. Petitioners also agreed to notify credit reporting agencies to remove any contested charges from each class member’s credit report. In return for the settlement provisions, petitioners received a release of claims from the class members which included any claim for damages for slander of credit. The trial court approved the settlement, reserving jurisdiction to enforce the terms of the agreement.
*265 Two years later, respondent Melissa Wren, a former tenant of petitioners and a member of the class, filed a motion to enforce the settlement agreement and for sanctions against petitioners. She claimed that petitioners had never notified the credit agencies to remove the contested charges and was still reporting to them unpaid charges on her account. This was damaging her credit, causing her to pay higher deposits on rental properties and more in interest. In addition, she alleged that she has suffered stress and anxiety. She requested that the court “grant her Motion to Enforce the Settlement and Sanctions in the amount of damages she suffered in credit impairment,” in addition to attorney’s fees in accordance with the terms of the settlement agreement.
Petitioners moved to enjoin further prosecution in the trial court of respondent’s claims, which motion the trial court denied. Petitioners then filed for certiora-ri in this court, claiming that the trial court was exceeding its retained jurisdiction by considering the respondent’s motion to enforce the settlement as it pertained to respondent’s claim for damages.
Where a party claims that the circuit court acted in excess of its jurisdiction, certiorari is the proper method of challenging the court’s jurisdiction. See W.C. Riviera Partners, LC. v. W.C.R.P., LC., 912 So.2d 587, 589 (Fla. 2d DCA 2005). Petitioners claim that the court exceeded its jurisdiction in considering the respondent’s claim for damages for credit impairment under the guise of a motion to enforce the settlement agreement. We agree.
As did the Second District in W.C. Riviera Partners, we find Paulucci v. General Dynamics Corp., 842 So.2d 797, 803 (Fla.2003), dispositive on this issue:
[W]hen a court incorporates a settlement agreement into a final judgment or approves a settlement agreement by order and retains jurisdiction to enforce its terms, the court has the jurisdiction to enforce the terms of the settlement agreement.... However, the extent of the court’s continuing jurisdiction to enforce the terms of the settlement agreement is circumscribed by the terms of that agreement. Thus, if a party is claiming a breach of the agreement and is seeking general damages not specified in the agreement, the appropriate action would be to file a separate lawsuit.
We applied Paulucci in Boca Petroco, Inc. v. Petroleum Realty I, LLC, 993 So.2d 1092 (Fla. 4th DCA 2008), where we held that the trial court did not have jurisdiction under a settlement agreement to award damages for breach of a settlement agreement’s provisions. We noted that Paulucci further explained the distinction between enforcement of an agreement and breach of that agreement:
“By enforcing a contract, it is assumed that the contract has continuing validity and a party is ordered to comply with its terms. A breach of contract action presupposes that the contractual relationship is at an end because of a material breach by one party and damages are sought by the non-breaching party as a substitute for performance.”
Id. at 1095 (quoting Paulucci, 842 So.2d at 803).
Respondent sought to enforce the provision requiring petitioners to remove from the class members’ credit reports the charges contested in the class action. This was an affirmative obligation on petitioners under the agreement. To the extent that the motion to enforce demanded that relief, it is within the trial court’s continuing jurisdiction to enforce the agreement.
*266 To the extent, however, that respondent sought “sanctions” in the form of damages for impairment of respondent’s credit and for respondent’s stress and anxiety, these are all damages which might have been incurred as a result of the breach of petitioners’ obligation to remove the contested charges from respondent’s credit report. Merely calling it a sanction when it is a claim for damages does not provide jurisdiction in the trial court.
Because the respondent seeks damages for the breach, the trial court exceeds its jurisdiction. We thus grant the writ and quash the trial court’s order as it pertains to any claim for damages (“sanctions”) as a result of the failure of petitioners to comply with the terms of the settlement agreement.
STEVENSON and TAYLOR, JJ., concur.

. The court has sua sponte changed the style of this appeal to reflect the correct parties as petitioners and respondent. The class representatives are not parties to this petition.