# SIXTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

Case No. 6D23-948
Lower Tribunal No. 2016CA-000137

_____

FLEETWING CORPORATION,

Appellant,

v.

DAVID RICKETTS,

Appellee.

_____

Appeal from the Circuit Court for Polk County.
Steven L. Selph & James A. Yancey, Judges.

January 5, 2024

WOZNIAK, J.

Appellant Fleetwing Corporation appeals the trial court's final judgment in favor of David Ricketts, its former president, rendered on Ricketts' Motion to Enforce Settlement Agreement.[1]  Because the trial court awarded Ricketts general damages for Fleetwing's breach of the settlement agreement when it did not have

---

[1] This case was transferred from the Second District Court of Appeal to this Court on January 1, 2023.

continuing jurisdiction to do so, we reverse without prejudice for Ricketts to file a separate action.[2]

## Background

Ricketts and Fleetwing were involved in litigation concerning the termination of Ricketts' employment with Fleetwing. After the trial court entered a $3,428,324 final judgment in Ricketts' favor in 2018, the parties entered into a confidential settlement agreement that disposed of all pending post-trial motions; increased the amount due under the final judgment to $4,500,000; and included a general release of liability in favor of Ricketts. The trial court entered an order ("Settlement Agreement Order") that outlined the settlement agreement's terms and approved it. The Settlement Agreement Order contained a retention of jurisdiction, which was the basis for the underlying action:

> Retention of Jurisdiction: This Court retains jurisdiction to construe, apply, and enforce the terms and conditions of the Settlement Agreement. The terms of the Settlement Agreement shall only be modified pursuant to the Order of this Court, and not by mere agreement of the Parties, or by course of performance or other real or alleged circumstances.

---

[2] Our disposition renders moot Fleetwing's remaining argument on appeal. Because we conclude Ricketts must file a separate action for general damages, we do not decide whether the judgment's satisfaction deprived the trial court of continuing jurisdiction to enforce the settlement agreement.

Pertinent to this appeal, the Settlement Agreement Order acknowledged that the settlement agreement contemplated that the amount Fleetwing owed would be reduced by $2,425,000 to $2,075,000 (the "residual balance") upon payment of an initial settlement amount, the recordation of identified warranty deeds, and the transfer of certain loan documents, provided that there was no Fleetwing bankruptcy or breach during a forbearance period set out therein. During the forbearance period, Ricketts could take no action to collect the residual balance from Fleetwing except as expressly contemplated in the Settlement Agreement Order.

Paragraph 9 of the Settlement Agreement Order further stated that if Fleetwing did not become the subject of bankruptcy proceedings during the forbearance period, and if Fleetwing was not in contempt of the Settlement Agreement Order by the conclusion of the forbearance period, then on motion of either or both parties, the 2018 final judgment would be deemed satisfied. In other words, if Fleetwing made the payments and conveyances in accordance with the settlement agreement and did not become involved in bankruptcy proceedings or violate the terms of the Settlement Agreement Order during the forbearance period, Ricketts would effectively forgive the residual balance of $2,075,000.

The parties then modified their settlement agreement and obtained the trial court's approval of the modified agreement.[3] The trial court again retained jurisdiction: "This Court retains jurisdiction to enforce and construe the terms of the Modification Agreement, the Settlement Agreement Order as modified by the Modification Agreement, and this Modification Order, and for all purposes consistent with the same."

In 2019, Fleetwing filed its Motion for Entry of Satisfaction of Judgment, asserting that it had complied with the terms of the modified settlement agreement and asking that the court render an order stating that the 2018 final judgment was satisfied pursuant to the terms of the settlement agreement as modified. The trial court granted the motion and adjudged that the judgment was satisfied, observing in its Order Granting Motion for Entry of Satisfaction of Judgment ("Agreed Satisfaction Order") that Ricketts had consented to the relief requested in the motion.

Six days after obtaining the Agreed Satisfaction Order, Fleetwing amended a complaint it had filed in Hillsborough County (the instant action was pursued in Polk County) to name Ricketts as a defendant. Ricketts, relying on the settlement agreement's general release provision, filed a motion in the instant Polk County action titled as a motion to enforce the settlement agreement, asserting therein that

---

[3] The terms of the modification were not revealed, but the parties do not assert that they changed the pertinent terms at issue in this appeal.

4

Fleetwing had breached the settlement agreement by filing suit against him in Hillsborough County. Relying on the trial court's retention of jurisdiction to enforce the terms of the settlement agreement in the Settlement Agreement Order as modified, Ricketts asked the court to find Fleetwing in breach of the settlement agreement, compel Fleetwing to dismiss its claims against him in the Hillsborough County action, and void the settlement agreement's confidentiality provision. He subsequently amended the motion to include a request that the court enter an "Augmented Final Judgment," which, after consideration of the amounts already paid, essentially demanded the residual balance of $2,075,000. Fleetwing raised multiple arguments in opposition. It questioned whether the release had any effect following the judgment's satisfaction, and even assuming it did, Fleetwing insisted Ricketts had no right to damages in this case; he needed to file a separate lawsuit for breach of contract.

The trial court held that Fleetwing's Hillsborough County amended complaint breached the release as memorialized in the Settlement Agreement Order and that Ricketts was entitled to attorneys' fees pursuant to the settlement agreement; the court reserved ruling as to Ricketts' remedies due to the breach. After another non-evidentiary hearing, the court rendered a final judgment in favor of Ricketts, awarding him $2,075,000.

Analysis

We review whether the trial court had continuing jurisdiction de novo. *See, e.g.*, *Lande v. Lande*, 2 So. 3d 378, 380 (Fla. 4th DCA 2008). The same standard applies to the trial court's interpretation of the parties' settlement agreement. *See Sakowitz v. Waterside Townhomes Cmty. Ass'n, Inc.*, 338 So. 3d 26, 28 (Fla. 3d DCA 2022) ("To the extent this appeal implicates the interpretation of a settlement agreement, the standard of review is de novo."); *see also S. Baptist Hosp. of Fla., Inc. v. Welker*, 908 So. 2d 317, 319 (Fla. 2005) (observing that matters raising pure legal questions are subject to de novo review).

Fleetwing asserts that even if the trial court retained jurisdiction to enforce the Settlement Agreement Order, the trial court lacked jurisdiction to provide the relief Ricketts demanded in his motion to enforce. It relies on the Florida Supreme Court's explanation in *Paulucci v. General Dynamics Corp.*, 842 So. 2d 797, 803 (Fla. 2003), wherein the Florida Supreme Court held

> that when a court incorporates a settlement agreement into a final judgment or approves a settlement agreement by order and retains jurisdiction to enforce its terms, the court has the jurisdiction to enforce the terms of the settlement agreement even if the terms are outside the scope of the remedy sought in the original pleadings. However, the extent of the court's continuing jurisdiction to enforce the terms of the settlement agreement is circumscribed by the terms of that agreement. Thus, <u>if a party is claiming a breach of the agreement and is seeking general damages not specified in the agreement, the appropriate action would be to file a separate lawsuit</u>.

We further approve of the distinction between the enforcement of the terms of the agreement and a general claim for breach of the agreement set forth by the Fifth District in its decision below:

> By enforcing a contract, it is assumed that the contract has continuing validity and a party is ordered to comply with its terms. A breach of contract action presupposes that the contractual relationship is at an end because of a material breach by one party and damages are sought by the nonbreaching party as a substitute for performance.

> *[Gen'l Dynamics Corp. v.] Paulucci*, 797 So. 2d [18] at 20 [(Fla. 5th DCA 2001)].

*Paulucci*, 842 So. 2d at 803 (emphasis added) (footnote omitted). Fleetwing again insists that Ricketts sought general damages, not damages specified in the settlement agreement, and he thus was required to file a separate lawsuit.

Indeed, Ricketts agrees that when a party seeks general damages as opposed to specifically compelling the performance of an obligation of the settlement agreement, a separate suit is required and that when a court awards damages as a substitute for a party's performance, a new suit is required. However, he contends that the amount awarded—$2,075,000—was not a general damages award, but rather "was the amount Fleetwing had the obligation to pay to properly perform under the contract and . . . the contract did not terminate at Fleetwing's breach." The trial court was simply compelling Fleetwing to perform on a still-effective contract, he argues. When Fleetwing breached, Ricketts sought to enforce the Fleetwing's contractual responsibility—payment of the $2,075,000, Ricketts asserts.

7

Resolution of this issue hinges on whether the settlement agreement, as incorporated into the Settlement Agreement Order, provided that the residual balance was the amount of damages owed in the event of a breach of the release provision of the settlement agreement. A careful reading of the settlement agreement's terms reveals that the residual balance would not be enforced against Fleetwing as long as: (1) Fleetwing made the initial payment, recorded specified deeds, and delivered certain notes, after which acts the forbearance period began; and (2) Fleetwing did not thereafter, during the forbearance period, become involved in a bankruptcy action (either initiated by Fleetwing or against Fleetwing) or breach the terms of the settlement agreement. The remedy in the event of bankruptcy or breach within the forbearance period was that Ricketts would "be at liberty to take all measures permitted under Florida law to collect the residual balance of the Final Judgment . . . ." Importantly, this remedy did not extend to breaches that occurred outside of the forbearance period, as allegedly occurred here. Thus, when Ricketts demanded, in his amended enforcement motion, that the trial court "enter the Augmented Final Judgment," he was asking for an award of the residual balance of $2,075,000—a damage award not provided for in the settlement agreement under the circumstances alleged. Because Ricketts sought damages not specified in the settlement agreement, "the appropriate action would be to file a separate lawsuit." *Paulucci*, 842 So. 2d at 803.

8

Ricketts is therefore incorrect in his reading of the settlement agreement. The residual amount was owed only if Fleetwing became engaged in a bankruptcy proceeding or breached the agreement during the forbearance period. That did not occur. The settlement agreement is silent with respect to damages due for the breach of the release provision of the agreement after the forbearance period concluded. The trial court, although having jurisdiction to enforce the release provision, could do only that; its jurisdiction was limited by the terms of the settlement agreement. *See Paulucci,* 842 So. 2d at 801 ("[W]hen a court incorporates a settlement agreement into a final judgment or approves a settlement agreement by order and retains jurisdiction to enforce its terms, the court has the jurisdiction to enforce the terms of the settlement agreement . . . . However, the extent of the court's continuing jurisdiction to enforce the terms of the settlement agreement is circumscribed by the terms of that agreement. Thus, if a party is claiming a breach of the agreement and is seeking general damages not specified in the agreement, the appropriate action would be to file a separate lawsuit."); *see also Kozel v. Kozel*, 302 So. 3d 939 (Fla. 2d DCA 2019) ("A trial court's continuing jurisdiction to enforce a settlement agreement generally does not include jurisdiction to award damages for breach that are not specified in the agreement, and the agreement here did not specify the damages the former wife sought and the family court awarded."); *Marlin Yacht Mfg., Inc. v. Nichols*, 254 So. 3d 1022, 1025 (Fla. 4th DCA 2018) ("A separate action is

9

necessary only if the owner seeks general damages not specified in the settlement agreement.").

Inasmuch as the settlement agreement is silent with respect to damages in the event of a breach of the release provision, we conclude that Ricketts filed an action seeking general damages, which is outside the continuing jurisdiction of the trial court to adjudicate. By the settlement agreement's own terms, Ricketts' remedy for Fleetwing's alleged breach lay through a separate suit for breach of the settlement agreement, not a motion to enforce the settlement agreement. Accordingly, we reverse the trial court's final judgment. Our reversal is without prejudice to Ricketts to pursue his claim by filing a new suit.

REVERSED and REMANDED.

TRAVER, C.J., and STARGEL, J., concur.

Victor L. Chapman, of Barrett, Chapman & Ruta, P.A., Orlando, for Appellant.

James C. Valenti, and Samuel J. Hensel, of James C. Valenti, P.A., Lakeland, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED