# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D23-0174
LT Case No. 2019-CA-005753

_____

BETSY WALTRIP,

    Appellant,

    v.

JANE THOMPSON, CRYSTAL
JARUSIEWIC, and UNKNOWN
TENANT,

    Appellees.

_____

On appeal from the Circuit Court for Duval County.
Marianne L. Aho, Judge.

Mark S. Barnett, of the Barnett Law Firm, PLLC, Jacksonville,
for Appellant.

R. Cash Barlow, of the Legal Consult, P.A., Yulee, for Appellee,
Jane Thompson.

No Appearance for Remaining Appellees.

               April 12, 2024

EISNAUGLE, J.

    Appellant, Betsy Waltrip, appeals the denial of her motion to enforce settlement agreement and consent final judgment. We affirm.

In the underlying suit, Appellant alleged that Appellee, Jane Thompson, breached an option to purchase real estate contained in her lease agreement. The parties entered into a mediated settlement agreement, and at their request, the trial court rendered a consent final judgment tracking the settlement agreement.

Thereafter, as required by the settlement agreement and consent final judgment, the parties entered into a purchase and sale agreement ("PSA") for the property. Given the timing, the trial court could not have considered or relied on the PSA when rendering the consent final judgment. When Appellee allegedly refused to cooperate with closing the sale of the property as required by the PSA, Appellant moved to enforce the settlement agreement and consent final judgment. *See generally Paulucci v. Gen. Dynamics Corp.*, 842 So. 2d 797, 803 (Fla. 2003) ("[W]hen a court incorporates a settlement agreement into a final judgment or approves a settlement agreement by order and retains jurisdiction to enforce its terms, the court has the jurisdiction to enforce the terms of the settlement agreement . . . ."); *MTW Jordan, Inc. v. Baskerville*, 323 So. 3d 331 (Fla. 5th DCA 2021); *MCR Funding v. CMG Funding Corp.*, 771 So. 2d 32, 34 (Fla. 4th DCA 2000) ("If the litigants have presented their settlement to the judge, who in turn incorporated or relied upon that settlement agreement and entered an order of dismissal predicated on the parties' settlement agreement, the litigants may later file a motion in the dismissed case seeking enforcement of the settlement agreement. In this scenario, there is no doubt that the court has the power to rule on the motion since a court has inherent and continuing power to enforce its own orders.").

The trial court denied the motion, correctly observing that the consent final judgment essentially only required Appellee to enter into a PSA. As a result, Appellee complied with the settlement agreement and consent final judgment.

On appeal, the lion's share of Appellant's argument is that Appellee breached certain provisions of the PSA. But Appellant only moved to enforce the settlement agreement and consent final judgment below. She did not file an action for breach of the PSA,

nor did the trial court rely on the PSA when rendering judgment. *See generally Paulucci*, 842 So. 2d at 803 ("[T]he extent of the court's continuing jurisdiction to enforce the terms of the settlement agreement is circumscribed by the terms of that agreement.").

AFFIRMED.

JAY and KILBANE, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____