SHAHOOD, J.
Appellants, Miller Johnson and Janie Johnson, appeal the Order on Plaintiffs Motion to Compel Compliance with Mediation Settlement Agreement, For Sanctions, Contempt and Attorney’s Fees against Defendants. Appellants raise three issues on appeal.
Initially they urge that the trial court erred in enforcing the settlement agreement against the defendants/appellants. Secondly, they argue that the trial court erred in finding that the appellants had breached the agreement. As their final issue, they argue that the court erred in fashioning a remedy for appellants’ purported breach. We affirm as to the first and second issues raised, but reverse as to the third issue.
Appellee, Martha Bezner (Bezner), owned two parcels of property. She operates a veterinary clinic on one parcel and sold the adjoining property to a third party, who later sold it to appellants. In the original sale, Bezner retained “an easement for 2 1/2 parking spaces in the southwest corner of the property.” When appellants began construction of their home, a dispute arose as to the scope of the easement. Bezner claimed that the purpose of the easement was to ensure her clinic’s compliance with Martin County code, which requires fifteen parking spaces.
Bezner eventually filed a complaint for injunction to bar interference with the easement and for trespass. She alleged that appellants and their agents were disregarding the easement and had blocked and obstructed the area so that Bezner did not have the use and benefit of the easement. She also alleged that appellants and/or their subcontractors had removed and destroyed landscaping and caused damage to paved surfaces and drainage systems.
Appellants answered the complaint, alleging that the easement was improperly described and that the parking spaces were in the wrong location according to the description. In addition, they disputed Bezner’s claim that the easement was for *400 her exclusive use and that appellants were unable to use the parking spaces at their residence.
The parties went to mediation and reached a settlement, which was approved by the court. The pertinent language in the agreement is the following:
1. Defendant, JOHNSON, shall seek an approval from Martin County for a reduction of the required parking spaces for use of the Plaintiffs property as a veterinary clinic and residence from 15 to 14.
[[Image here]]
6. JOHNSON shall have 90 days from the date of this Agreement within which to obtain approval from Martin County for the reduction in parking spaces on the JOHNSON property. Thereafter, JOHNSON shall have an additional 30 days within which to complete construction in compliance with the provisions of this Agreement.
7. JOHNSON shall use diligence and good faith to perform all of the obligations of JOHNSON pursuant to this Agreement, and shall provide periodic reports as to the status of JOHNSON’S efforts....
8. In the event JOHNSON fails to obtain County approval as set forth herein, or having obtained approval, fails to implement and pay for all of the obligations of JOHNSON, as set forth herein, then in that event, this Agreement shall be null and void, and the parties shall be restored to their pre-settlement positions as if this Settlement Agreement had not been so executed. Thereafter, either party may move the matter for trial.
The agreement also provided that “[e]ach party shall bear their own costs and attorney’s fees incurred in connection with this matter.”
Bezner then filed a motion to compel compliance with the agreement and for sanctions and attorney’s fees. At the hearing, Bezner argued that appellants had breached the agreement by failing to seek approval from Martin County to reduce the number of parking spaces. Appellants countered that, pursuant to paragraph eight, because they failed to seek approval, the agreement was null and void and the matter should go to trial.
Counsel for appellants then explained that his clients were not fully informed when they entered into the settlement and had since learned from the county that Bezner could keep her permit with only one-half a parking space, instead of the one and one-half that she represented and they agreed to at mediation. Subsequently, appellants’ counsel also told the court that his clients had tried to get approval from the county, but were unable to get the approval and still accommodate the permit they needed for their property. In the end, the trial court determined that the agreement was ambiguous and continued the first hearing for an evidentiary hearing to determine the intent of the parties.
At the hearing, Bezner testified that it was her understanding that appellants would have ninety days to complete their obligations under the agreement and then, only if the county would not permit the changes, the settlement agreement would be null and void. Appellants did not present evidence.
Following the hearing, the court entered an order finding that, although certain portions of the agreement were ambiguous, it was clear that appellants had a “legal duty to use good faith efforts to perform their obligations thereunder and they have failed to do so.” The court found that appellants’ attempt to re-argue the merits of their negotiated settlement was evi *401 dence of their bad faith. As a result, the court ordered appellants to, within sixty-days, provide evidence of taking some definitive action to seek approval from the county. In the event they failed to do so, Bezner could do so herself and take appropriate steps to implement the terms of the settlement. The court also ordered appellants to “retain counsel for the express purpose of seeking such approval, and such counsel shall have the experience and knowledge in dealing with governmental agencies as shall be necessary to reasonably be expected to obtain the desired result.” The court awarded Bezner fees according to rule 1.730, Florida Rules of Civil Procedure.
Appellants contend that the trial court exceeded its authority and the scope of the agreement by ordering them to take actions which were not required by the settlement agreement. Specifically, appellants contend that it was error to require them to hire counsel that is experienced in county zoning law and to award attorney’s fees as a sanction.
An order enforcing a settlement agreement must conform with the terms of the agreement and may not impose terms that were not included in the agreement. See Spiegel v. H. Allen Holmes, Inc., 834 So.2d 295 (Fla. 4th DCA 2003). Nothing in the agreement between the parties required appellants to hire an attorney, much less one experienced in zoning law. In addition, there was no provision that Bezner could hire an attorney and be reimbursed by appellants in the event of their breach. We direct that the trial court strike this language from the order.
As for attorney’s fees, the agreement provides that each party shall bear its own costs and fees “incurred in connection with this matter.” The trial court nevertheless awarded fees pursuant to rule 1.730(c), which states, “[i]n the event of any breach or failure to perform under the agreement, the court upon motion may impose sanctions, including costs, attorneys’ fees, or other appropriate remedies.... ” Fla. R. Civ. P. 1.730(c)(2005). Appellants correctly point out that an award of fees pursuant to rule 1.730 is a sanction. In order to impose such a sanction, the trial court is required to make express findings of bad faith conduct on the part of appellants. See N. County Co. v. Bologna, 816 So.2d 842 (Fla. 4th DCA 2002). Because the trial court did not make the appropriate findings, the attorney’s fee award was error.
All other issues on appeal are affirmed.

Affirmed in part; Reversed in part.

STEVENSON, C.J., and GROSS, J., concur.