SHEPHERD, J.
This is an appeal from a final judgment of foreclosure based upon an order granting the plaintiffs, H & H Investors, Inc., motion to enforce the parties’ stipulation of settlement, which was approved by the trial court. Because we find the trial court did not have jurisdiction to enforce the stipulation of settlement by way of foreclosure, we reverse the final judgment of foreclosure.
After Sarhan defaulted on his balloon note and mortgage, H & H Investors filed suit for foreclosure with the circuit court. The parties ultimately reached a stipulation of settlement, which modified the terms of the promissory note and mortgage to add all past-due interest to the *220 principal balance of the loan, reduce the interest rate on the loan, and extend the due date. Although the parties stipulated that “[a]ll terms of the mortgage ... that have not been specifically modified herein, shall remain in full force and effect,” the stipulation was silent on any remedies H & H Investors could pursue if Sarhan again were to default on the note and mortgage. The trial court approved the stipulation in an order that dismissed the action without prejudice, “reserv[ing] jurisdiction over the parties for the purpose of enforcing the [stipulation of [sjettlement, if needed.”
Sarhan again defaulted on the note and mortgage. In response, H & H Investors filed a motion to enforce the stipulation of settlement with the trial court, seeking a final judgment of foreclosure. After an evidentiary hearing, the trial court granted H & H Investor’s motion to enforce the stipulation of settlement, finding Sarhan in default for failing to make timely payments on the mortgage. The trial court subsequently entered a final judgment of foreclosure, which Sarhan now appeals.
When a trial court approves a settlement agreement by order and retains jurisdiction to enforce its terms, the trial court’s continuing jurisdiction to enforce the terms of the settlement agreement is circumscribed by the terms of the agreement. See Paulucci v. Gen. Dynamics Corp., 842 So.2d 797, 803 (Fla.2003). In this case, the parties agreed in their stipulation to modify the terms of the note and mortgage. The stipulation did not include a provision authorizing the trial court to summarily enter a final judgment of foreclosure upon a default. In so doing, the trial court exceeded the jurisdiction it reserved for itself in the order of dismissal. Compare Zimmerman v. Olympus Fid. Trust, LLC, 847 So.2d 1101, 1102 n. 2 (Fla. 4th DCA 2003) (“Although the settlement agreement provided that the Zimmermans ... ‘agree[d]’ to waive any defenses to the foreclosure of the mortgage, ... [t]he agreement fell short of providing that if the payments were not made when due, a final judgment of foreclosure could be entered against the Zimmermans.”), with BAC Int'l Credit Corp. v. Macia, 626 So.2d 1037, 1038 (Fla. 3d DCA 1993) (finding the settlement should have been enforced in accordance with its terms, which “provided that if the payments were not made when due, an agreed final judgment of foreclosure would be entered against the borrowers”).
Reversed and remanded for further proceedings.