# Third District Court of Appeal

## State of Florida

Opinion filed May 11, 2016.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D15-996
Lower Tribunal No. 10-58483

————————————

## Pinnacle Three Corporation,
Appellant,

vs.

## EVS Investments, Inc., et al.,
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Jon I. Gordon, Senior Judge.

Heller Waldman and Glen H. Waldman, Jason Gordon and Michael A. Sayre, for appellant.

Tobin & Reyes and Ricardo A. Reyes and Stefanie R. Shelley (Boca Raton), for appellees.

Before ROTHENBERG, SALTER and SCALES, JJ.

SALTER, J.

Pinnacle Three Corporation, a plaintiff below, appeals circuit court orders denying Pinnacle's motion for an award of attorney's fees and costs incurred in a post-judgment dispute regarding a settlement agreement. Four of the settling defendants below, appellees here, filed a motion to enforce the settlement agreement. The trial court denied the motion finding that (a) the relief sought by the appellees, including significant discovery, substantially exceeded the scope of the settlement agreement; (b) the provisions of the settlement agreement and dismissal order regarding retention of jurisdiction were limited to enforcement of the specific terms of the agreement; and (c) the appellees' claims were required to be prosecuted in a separate lawsuit rather than through a motion to enforce the settlement agreement. Next, the trial court denied Pinnacle's motion for attorney's fees and costs incurred in resisting the appellees' motion to enforce, without prejudice to Pinnacle's attorney's fee claims in any such new and separate lawsuit.

We reverse and remand the order denying Pinnacle's motion for its attorney's fees (as well as the order denying rehearing regarding Pinnacle's motion), concluding that Pinnacle was the prevailing party in the dispute relating to the appellees' motion to enforce.[1] The clear and unambiguous terms of the

---

[1] The appellees appealed the denial of their motion to enforce the settlement agreement in <u>Century Drive Retail Corp. v. Pinnacle Three Corp.</u>, Case No. 3D15-1026, 2016 WL 1126281. A separate panel of this Court affirmed, per curiam, on March 23, 2016, and granted Pinnacle's motion for appellate attorney's fees in connection with that case.

settlement agreement entitled Pinnacle to an award of its reasonable attorney's fees and costs incurred in opposing the appellees' motion.

The Settlement Agreement

In 2010, Pinnacle and its co-plaintiffs[2] prosecuted a lawsuit in the circuit court against numerous defendants,[3] including the four appellees. The parties' original disputes involved alleged diversions of cash, fraudulent misconduct, and corporate mismanagement relating to adult bookstores and video stores in Florida and other states.

After two years of motions and pretrial discovery comprising over fifty volumes and 9,000 pages in the record below, the parties entered into a settlement agreement and stipulated to the dismissal of the lawsuit with prejudice. The stipulation and order ratifying it specified that the court reserved jurisdiction "to enforce the terms of the Settlement Agreement between the parties."[4]

The settlement agreement included requirements for payments by certain defendants to plaintiff Saifoutdinov, as evidenced by secured promissory notes; the

_____

[2] Rodion Sokrovichtchouk, Aidar Saifoutdinov, Leon Goldstein, and Optivest South, Inc.

[3] The settlement agreement identified 19 corporations (including the four corporate appellees), Evgueni Souiaguine, and Tatiana Sulyagina, as co-defendants.

[4] The settlement agreement also settled a 2011 lawsuit between many of the same parties, Sokrovichtchouk v. Souliaguine, Case No. 11-32638-CA-40, in the Miami-Dade Circuit Court.

3

cancellation of various existing Russian-language notes and one payable in rubles to Saifoutdinov; and certain cash and secured promissory note payments to Pinnacle by the four appellees. The plaintiffs agreed not to compete with the defendants in the adult bookstore business until the promissory notes payable by the applicable by defendants were satisfied. Florida law was to govern the settlement agreement, with jurisdiction retained to enforce the agreement.

Paragraph 7 of the settlement agreement provided:

7. <u>Breach of the Settlement Agreement – Attorney's Fees and Costs</u>. In the event of a dispute arising from or under the Settlement Agreement, the prevailing party shall be entitled to recover its reasonable attorney's fees and costs incurred, including, but not limited to, litigating entitlement to attorney's fees and costs and in determining or quantifying the amount of recoverable attorney's fees and costs. The reasonable costs to which the prevailing party is entitled shall include costs that are taxable under any applicable statute, rule, or guideline.

It is undisputed that the settlement agreement was negotiated by sophisticated parties and experienced counsel in order to resolve a multi-million dollar commercial dispute.

<u>The Motion to Enforce and the Discovery Requests</u>

The four appellees' motion to enforce the settlement agreement was filed eleven months after the settlement agreement was approved by the trial court. Although the appellees alleged breaches of the settlement agreement by Pinnacle on matters that did not involve non-competition, violation of the mutual releases,

or payment, the relief sought by the appellees was an order "releasing the [appellees] from all further payment obligations" or excusing the appellees from payment obligations until the alleged breaches were cured.

After filing the motion to enforce, the appellees served extensive discovery requests on Pinnacle. Pinnacle sought a protective order, and these issues were considered by a special magistrate. Ultimately, the trial court properly concluded that the relief sought by the appellees involved matters beyond the terms of the settlement agreement and thus beyond the jurisdiction retained by the court. The trial court denied the appellees' motion to enforce without prejudice to the appellees' rights to pursue their claims in a separate action. The trial court also ruled that the appellees were to continue making settlement payments to Pinnacle as required by the settlement agreement.

Following that order, Pinnacle moved for reimbursement of its attorney's fees and costs pursuant to paragraph 7 of the settlement agreement. The trial court denied Pinnacle's motion (and a later motion for rehearing) without prejudice to Pinnacle's claim for reimbursement if it prevails in a subsequent and separate lawsuit. This appeal followed.

Analysis

A trial court's ruling on a motion for attorney's fees is ordinarily reviewed under the abuse of discretion standard. "However, where entitlement depends on

the interpretation of a statute or contract the ruling is reviewed *de novo*." Mihalyi v. Lasalle Bank, N.A., 162 So. 3d 113, 114 (Fla. 4th DCA 2014) (citing Stevens v. Zakrewski, 826 So. 2d 520, 521 (Fla. 4th DCA 2002)).

In the present case, we review the trial court's ruling de novo, as it depends on the interpretation of paragraph 7 of the settlement agreement. "Because a settlement agreement is contractual in nature, it is interpreted and governed by contract law." Muñoz Hnos., S.A. v. Editorial Televisa, 121 So. 3d 100, 103 (Fla. 3d DCA 2013).

Paragraph 7 is quite clear. If you start a dispute claimed to be "arising from or under the Settlement Agreement," and if you lose that dispute, you pay. And that is what happened. Pinnacle prevailed, because that dispute was resolved in its favor. The appellees obtained no relief and were, in fact, advised that the relief they sought could only be sought in a new lawsuit—which might or might not be filed. The trial court denied the motion to enforce "without prejudice, for the Defendants to file a separate action." If such an action is filed, and if that dispute arises from or under the settlement agreement, the prevailing party in that separate and subsequent action may also seek attorney's fees and costs.

The trial court was entirely correct that the appellees' motion to enforce went well beyond the specific obligations of the parties detailed in the settlement agreement. See Sarhan v. H&H Inv'rs, Inc., 88 So. 3d 219 (Fla. 3d DCA 2011).

The trial court's retention of jurisdiction to enforce the agreement is circumscribed by the terms of the settlement agreement itself. Paulucci v. Gen. Dynamics Corp., 842 So. 2d 797, 803 (Fla. 2003).

That said, however, Pinnacle's motion to recover its attorney's fees and costs incurred in the post-settlement dispute initiated by the appellees is within the scope of jurisdiction retained by the trial court. When that is the case, "[t]he public policy of the State of Florida, as articulated in numerous court decisions, highly favors settlement agreements among parties and will seek to enforce them whenever possible." Sun Microsystems of Cal., Inc. v. Eng'r & Mfg. Sys., C.A., 682 So. 2d 219, 220 (Fla. 3d DCA 1996).

We are unpersuaded by the appellees' reliance on cases such as Moritz v. Hoyt Enterprises, Inc., 604 So. 2d 807 (Fla. 1992), and Baldoria v. Security Realty Investment, Inc., 581 So. 2d 189 (Fla. 3d DCA 1991). In Moritz and a line of cases similar to it, the "prevailing party" issue is complicated by the fact that each adversary has prevailed on one or more claims for relief against the other. Those fact patterns require a determination as to which party has prevailed "on the significant issues in the litigation." Moritz, 604 So. 2d at 810. In Baldoria, neither party obtained relief against the other, though Ms. Baldoria obtained a jury verdict and judgment against her real estate agent in the amount of her escrow deposit. While Ms. Baldoria obtained relief as a plaintiff, her agreement with her realtor (as

7

opposed to her contract with the seller) had no provision for an award of attorney's fees.

The present case is more readily analogous to <u>Mihalyi</u>, <u>supra</u>, and <u>Nudel v. Flagstar Bank</u>, 60 So. 3d 1163 (Fla. 4th DCA 2011),[5] in which defendants were held to "prevail" for purposes of a similar fee-shifting analysis after the respective plaintiffs voluntarily dismissed their lawsuits. Although the case at hand was essentially an involuntary dismissal, the identification of the prevailing party obtaining that result is not in question.

For these reasons, we reverse the order denying Pinnacle's motion for an award of its reasonable attorney's fees and costs, and we remand for proceedings to determine the amount of such fees and costs.

Reversed and remanded.

---

[5] In a notice of supplemental authority filed the morning of oral argument, the appellees cited a federal opinion which distinguished <u>Nudel</u>, <u>Spartan Holdco, LLC, v. Cheeburger Cheeburger Restaurants, Inc.</u>, 2011 WL 6024487 (M.D. Fla. 2011). However, the Magistrate Judge's beef in refusing to award attorney's fees in that case was that neither party had properly addressed the threshold jurisdictional defect regarding the dispute. Also, the applicable statutory basis for the award sought in that case provided that a court "may" allow attorney's fees to a prevailing party. In contrast, paragraph 7 of the settlement agreement at issue here is non-discretionary—"the prevailing party **shall** be entitled to recover its reasonable attorney's fees . . . ."