# Third District Court of Appeal

## State of Florida

Opinion filed June 16, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1496
Lower Tribunal No. 11-35962
_____


**Julio Lago,**
Appellant,

vs.

**Mercantil Commercebank, N.A., etc.,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Reemberto Diaz, Judge.

Moris & Associates, and Alberto N. Moris and Tereza Horáková, for appellant.

Dorothy G. Negrin, P.A., and Dorothy G. Negrin, for appellee.


Before SCALES, HENDON, and BOKOR, JJ.

HENDON, J.

Julio Lago ("Lago") appeals from a final summary judgment in favor of Mercantil Commercebank ("Amerant" or "Bank").[1] We affirm.

In 2011, the Bank sued Gangamania Holdings ("Gangamania"), Lago, and others (collectively, the "Defendants") to foreclose a $2.3 million commercial mortgage, note, and guaranty. On October 21, 2012, the parties entered into a Stipulation in Settlement of Litigation ("Stipulation") in lieu of a foreclosure. In the Stipulation, the Bank agreed to allow a short sale of the property in any amount over $1 million. The Stipulation also fixed the deficiency amount, provided repayment terms, and provided that if Gangamania and Lago failed to timely pay any sums due, the Bank would be entitled to automatic entry of a final judgment of foreclosure. Further, the Defendants agreed in the Stipulation to execute a deficiency promissory note in the amount of $500,000 ("Deficiency Note").[2]

---

[1] The original plaintiff, Mercantil Commercebank, changed its name to Amerant Bank after the Stipulation was signed.

[2] The Deficiency Note was to provide:
Obligors: Gangamania Holdings, LLC and Julio Lago
Amount: $500,000.00
Maturity: 60 Months
Terms: monthly payments in the amount of $500.00 for 60 months. In the event Defendants make a principal reduction of 50% of the Deficiency Note ($250,000.00) within months 1 through 24, then Plaintiff shall forgive the remaining balance and release all defendants from the Deficiency Note. If the Defendants do not make a 50% principal reduction of the

2

In November 2012, Gangamania executed the requested Deficiency Note to cover any deficiency resulting from a short sale in exchange for the Bank's promise to cancel the mortgage, release the property lien, and significantly reduce the total amount the Defendants owed under the original loan documents. About the same time, at the Bank's request and as an inducement to and in consideration for the extension of credit by the Bank to Gangamania, Lago executed a Continuing Guaranty for Gangamania's payment to the Bank under the Deficiency Note ("Guaranty").

In December 2013, the lower court entered an agreed order approving the stipulation and dismissing the case, in which the lower court directed the parties to comply with the Stipulation, and the court retained jurisdiction to enforce the provisions and to enter any further orders as necessary. The property was sold and the deficiency repayment terms became enforceable.

In March 2019, the Bank moved for a final judgment against Gangamania and Lago pursuant to the Stipulation. Lago opposed the

---

Deficiency Note ($250,000.00) within months 1 through 24, then Defendants shall pay in addition to the $500.00 monthly payment the additional amounts:

At month 36, 1/3 of the Deficiency Note's then outstanding principal balance is due. At month 48, 1/3 of the Deficiency Note's then outstanding principal balance is due.

3

motion, arguing that the court lacked subject matter jurisdiction to enter a money judgment for the deficiency or to adjudicate the new claims seeking to enforce the Deficiency Note and Guaranty. The trial court denied the Bank's motion for summary judgment and allowed the Bank to amend its complaint to add counts to enforce the Stipulation and to re-establish and enforce the Deficiency Note and Guaranty.[3]

The Bank once again moved for summary judgment on the Amended Complaint, and Lago filed an affidavit in opposition. The trial court held a hearing on the motion and entered final summary judgment for the Bank on the deficiency balance plus interest, attorney's fees and costs for a total final judgment amount of $657,054.04.[4] The court heard both parties' arguments on rehearing, denied rehearing and affirmed its subject matter jurisdiction.

On appeal, Lago argues two issues, neither of which have merit. First, he argues that the trial court did not have continuing subject matter jurisdiction over the Bank's claims via the Stipulation, Note and Guaranty. Second, Lago asserts that even if the court had jurisdiction, there are

---

[3] Subsequent to the filing of the Amended Complaint, the Bank located the original Guaranty and dropped Count IV of the Amended Complaint.

[4] There is no transcript in the record on appeal of the hearing on the Bank's second motion for summary judgment.

4

genuine issues of material fact that preclude summary judgment, i.e., whether the Guaranty was part of the Stipulation.

Our standard of review of the trial court's order enforcing or interpreting a settlement agreement is de novo. <u>Pinnacle Three Corp. v. EVS Invs., Inc.</u>, 193 So. 3d 973, 975-76 (Fla. 3d DCA 2016).  The standard of review of an order granting summary judgment is also de novo. <u>Volusia Cnty v. Aberdeen at Ormond Beach, L.P.</u>, 760 So. 2d 126 (Fla. 2000).

We first address Lago's argument that the court exceeded its retained subject matter jurisdiction when it enforced the Stipulation by awarding a monetary deficiency judgment rather than an "Agreed Final Judgment of Mortgage Foreclosure" in the event of any default under the Stipulation. Lago asserts that a foreclosure judgment was the sole remedy pursuant to the Stipulation. The record indicates that the property was apparently sold and pursuant to the Stipulation, a deficiency remained to be paid – hence the Note and Guaranty.[5] Because the property had been sold prior to entry of

---

[5] The Stipulation provides that the total debt was approximately $2.4 million. The property was to be offered for sale for a price between $1 million and $1.2 million, leaving a deficiency between the debt and gross sales proceeds of $1.4 million to $1.2 million. The Stipulation fixed the deficiency at $500,000, providing Lago a $700,000 - $900,000 benefit by way of reduction of the total deficiency owed.

5

the foreclosure final judgment, the trial court properly entered a money judgment enforcing the Stipulation.

"The general reservation of jurisdiction in a foreclosure judgment is deemed in case law to be appropriate for deficiency judgment." Garcia v. Christiana Tr., 230 So. 3d 66, 69 (Fla. 3d DCA 2017). Further, "[f]oreclosure (a.k.a. equity) courts are explicitly granted the authority to enter the legal remedy of a deficiency judgment by virtue of [Florida Statutes] section 702.06 which provides, in pertinent part, that [i]n all suits for the foreclosure of mortgages heretofore or hereafter executed the entry of a deficiency decree for any portion of a deficiency should one exist, shall be within the sound judicial discretion of the court." Kinney v. Countrywide Home Loans Servicing, L.P., 165 So. 3d 691, 693-94 (Fla. 4th DCA 2015) (quoting Florida Statutes §702.06). Further, "[t]he law of mortgage foreclosure in Florida contemplates that a deficiency judgment may be appropriate in a foreclosure suit, and as such, a deficiency proceeding is a continuation of the original foreclosure suit." Estepa v. Jordan, 678 So. 2d 876, 878 (Fla. 5th DCA 1996) (footnote omitted); see also, Grace v. Hendricks, 140 So. 790, 795 (Fla. 1932) (stating that where the property to be foreclosed is sold before the foreclosure, a court has sufficient equity jurisdiction to grant a money judgment against the mortgagor for the amount of the mortgaged debt by

substituting relief for a decree of foreclosure that cannot otherwise be made effective). Thus, the trial court properly exercised its broad reservation of jurisdiction to enforce the Stipulation by entering final summary judgment in favor of the Bank.[6]

We next address Lago's related argument that there is a factual dispute precluding summary judgment regarding whether Lago's personal Guaranty can be considered part of the Stipulation, and if so, whether Lago is thus personally obligated under the Stipulation to make the deficiency payments where the Stipulation provides for a judgment of foreclosure in case of default.

There is no genuine issue of disputed fact regarding the enforceability of any of the documents, the terms of which are factually and legally overlapping. Although the Guaranty is not "part" of the Stipulation, it is a document that by its terms is directly related to the outstanding deficiency debt. The counts set forth in the Amended Complaint arise from a set of common facts and a single debt. The Bank properly chose to seek

---

[6] It is true that the Guaranty is a separate document from the Stipulation or Note, but the Bank is owed the same debt as reflected in all three executed instruments: the Guaranty references Gangamania's debt to the Bank and is an unconditional promise to pay; the Note provides for money damages in case of default of the same deficiency debt; and the Stipulation provides for foreclosure or a subsequent deficiency repayment upon sale of the property for less than a given amount.

enforcement of the Guaranty via a separate count against the Defendants in its Amended Complaint, instead of filing a second, separate lawsuit. The Note obligates both Gangamania and Lago to repay the deficiency debt as required by the Stipulation. The Guaranty executed by Lago obligates him to repay the deficiency debt on Gangamania's behalf or by Lago personally should Gangamania default. It is all the same debt to the Bank parsed between the Defendants via different instruments. The trial court recognized this and granted one summary judgment for the outstanding deficiency against Lago and Gangamania, fulfilling the terms of the Stipulation.

For the reasons stated above, we affirm.

Affirmed.