# Third District Court of Appeal

## State of Florida

Opinion filed February 16, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-0299
Lower Tribunal Nos. 18-28554 CC & 20-266 AP

_____

**Max Tafel Selman,**
Appellant,

vs.

**Progressive American Insurance Company,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Elijah A. Levitt, Judge.

George A. David, P.A., and George A. David, for appellant.

Kubicki Draper, P.A., and Valerie Dondero and Barbara E. Fox, for appellee.

Before FERNANDEZ, C.J., and SCALES and GORDO, JJ.

SCALES, J.

Max Tafel Selman ("Insured"), the plaintiff below, appeals from a July 22, 2020 order granting Progressive American Insurance Company's ("Progressive") post-judgment motion that Progressive labeled its "Motion to Enforce Settlement and Compliance with the Court's March 20, 2020 Order" ("Progressive's Motion"). The trial court entered the challenged order having previously entered a March 20, 2020 final judgment that had reserved jurisdiction to further enforce the terms of the parties' settlement agreement. We reverse because, by adjudicating Progressive's Motion and entering the challenged order, the trial court exceeded the limited continuing jurisdiction the trial court had reserved in its final judgment.

## I.    BACKGROUND FACTS AND PROCEDURAL HISTORY

In November 2018, Insured was involved in an automobile accident that totaled his vehicle that was insured by Progressive. While Progressive agreed that the loss was covered under its policy and that there was a total loss, the parties disagreed as to the value of the loss.

On December 21, 2018, Insured filed this first party insurance action against Progressive in the Miami-Dade County county court, seeking policy benefits for the covered loss. A year later, at a subsequent court-ordered appraisal, the parties reached a settlement agreement wherein the parties agreed *only* that the actual cash value of Insured's vehicle was $10,834

"[b]efore, [t]ax, title, deductible or any statutory or contractual fees" and that "[t]his claim is hereby settled and closed." These terms are reflected in a one-page agreement, dated December 18, 2019, executed by the parties' respective counsel.

On January 21, 2020, Insured filed in the county court action a motion to enforce the parties' December 18, 2019 settlement agreement. Progressive did not file a response. On March 11, 2020, the trial court held a hearing on Insured's motion, but the record contains no hearing transcript. On March 20, 2020, the trial court entered its final judgment that granted Insured's motion to enforce the parties' settlement agreement. Therein, the trial court ordered *only* that Progressive pay Insured the agreed $10,834 settlement amount plus $181.65 in statutory interest. The final paragraph of the final judgment states:

> The Court further finds that the judicial labor in this matter is complete for which this Court issues this Final Judgment closing the case. [Progressive] shall pay [Insured] in accordance with the settlement agreement and this order. The Court reserves jurisdiction to determine entitlement to, and amount of, attorney fees and costs in this matter and to enforce the terms of this Order and the settlement agreement.

Following the trial court's entry of the final judgment, Progressive neither filed a Florida Rule of Civil Procedure 1.530 motion for rehearing of the final judgment nor sought to appeal the final judgment. Instead,

3

Progressive complied with the final judgment and, pursuant to the final judgment, issued payment to Insured.

Forty-one days after the final judgment was rendered and twenty days after making payment to Insured pursuant to the final judgment, Progressive filed Progressive's Motion. In Progressive's Motion, Progressive informed the trial court, for the first time, that on February 25, 2020 – two weeks prior to the hearing on Insured's motion to enforce the parties' settlement agreement and about a month prior to the entry of the final judgment – Progressive had paid $10,031.17 to the lienholder of Insured's vehicle.[1] Progressive's Motion argued, that, in light of Progressive's February 25, 2020 payment to Insured's lienholder, Progressive's payment to Insured pursuant to the final judgment resulted in a windfall for Insured, and the trial court should order Insured to repay Progressive.

Following a hearing on Progressive's Motion, on July 22, 2020, the trial court entered the challenged order requiring Insured to repay $10,031.17 of the $10,834 amount that Progressive had paid to Insured pursuant to the final judgment. After the lower court denied Insured's motion for rehearing, Insured timely appealed the challenged order.

## II.    STANDARD OF REVIEW

---

[1] The $10,031.17 figure satisfied the lien on Insured's vehicle.

"A settlement agreement is contractual in nature and therefore interpreted and governed by contract law. We therefore review de novo the trial court's order interpreting the Settlement Agreement." Platinum Luxury Auctions, LLC v. Concierge Auctions, LLC, 227 So. 3d 685, 688 (Fla. 3d DCA 2017) (citation omitted). The extent to which a trial court has reserved jurisdiction in a final judgment is also a pure question of law that we review de novo. See Cent. Mortg. Co. v. Callahan, 155 So. 3d 373, 375 n.2 (Fla. 3d DCA 2014).

## III.    ANALYSIS

While Insured makes several arguments on appeal, we address the dispositive argument of whether the trial court, in its final judgment, retained the jurisdiction to adjudicate Progressive's Motion and grant the relief contained in the challenged order. "When a trial court approves a settlement agreement and retains jurisdiction to enforce its terms, the trial court has the jurisdiction to enforce the terms of the settlement agreement." Platinum Luxury Auctions, LLC, 227 So. 3d at 688. "[T]he extent of the court's continuing jurisdiction to enforce the terms of the settlement agreement is circumscribed by the terms of that agreement." Id. (quoting Paulucci v. Gen. Dynamics Corp., 842 So. 2d 797, 803 (Fla. 2003)). Where the trial court grants relief *beyond* the terms of the settlement agreement, the court

5

exceeds the jurisdiction the court reserved for itself. Id.; see also Ross v. Wells Fargo Bank, 114 So. 3d 256, 257 (Fla. 3d DCA 2013) (concluding that a trial court acts without authority by awarding post-judgment relief not contemplated by the final judgment).

Without question, by entering the challenged order, the trial court was trying to accomplish equity. Nonetheless, despite such good intentions, given the facts of this case, we are compelled to conclude that the trial court exceeded its jurisdiction by awarding post-judgment relief that was beyond the terms of the parties' settlement agreement and not contemplated by the final judgment. Nothing in the settlement agreement addressed, nor did anything in the final judgment contemplate, Progressive's unliteral payment to the lienholder, much less Insured reimbursing Progressive for this payment.

Indeed, the settlement agreement did not include any mention of a payment to a lienholder, and the final judgment could not have contemplated a requirement for Insured to repay Progressive for such payment because the trial court was not informed that Progressive had made its lienholder payment until forty-one days *after* the final judgment was rendered. Hence, irrespective of how it may have been captioned, Progressive's Motion did not seek an adjudication related to the enforcement of the parties' settlement

6

agreement or any provision of the final judgment. Simply put, Progressive's Motion sought to vacate the final judgment and, by the time Progressive's Motion was filed, the trial court had lost jurisdiction to revisit its final judgment. See Herskowitz v. Herskowitz, 513 So. 2d 1318, 1319 (Fla. 3d DCA 1987) ("[O]nce a judgment becomes final – as where (a) a final judgment has been entered, and (b) a motion for rehearing under 1.530 has been denied or no such motion is filed and the [time] for filing same has expired – the trial court loses jurisdiction to rehear the judgment on the merits."). The limited jurisdiction reserved in the final judgment did not include adjudicating, and granting relief upon, the issue raised in Progressive's Motion.

To interpret the final judgment's reservation of jurisdiction provision otherwise would not only be contrary to the terms of the parties' settlement agreement and the language of the final judgment, but it would undermine both the finality of judgments and the purpose for including such reservation of jurisdiction provisions in judgments.[2] Accordingly, we find that the trial

---

[2] To the extent Progressive claims that the parties' written settlement agreement did not constitute the full agreement in light of events that transpired subsequent to its execution by the parties' respective counsel, Progressive should have timely moved for rehearing of the final judgment in the lower court and, if necessary, appealed from the final judgment. Progressive did neither.

7

court's July 22, 2020 order requiring Insured to repay Progressive exceeded the jurisdiction the trial court reserved for itself in the final judgment. We, therefore, reverse the challenged order and remand for further proceedings consistent with this opinion.[3]

Reversed and remanded.

---

[3] Expressing no opinion on the merits of any such motion or claim, we note that our decision is without prejudice to Progressive timely filing a Florida Rule of Civil Procedure 1.540 motion below or pursuing a separate recoupment action against Insured.