# Third District Court of Appeal

## State of Florida

Opinion filed April 17, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1872
Lower Tribunal No. 14-31602
_____

### Daniel A. Fernandez, et al.,
Appellants,

vs.

### Ocwen Loan Servicing, LLC,
Appellee.

An appeal from a non-final order from the Circuit Court for Miami-Dade County, Maria de Jesus Santovenia, Judge.

Neustein Law Group, P.A., and Nicole R. Moskowitz, for appellants.

Hinshaw & Culbertson LLP, and James H. Wyman; Blank Rome LLP, and Michael R. Esposito and Nicole R. Topper (Tampa), for appellee.

Before LOGUE, C.J., and SCALES and MILLER, JJ.

LOGUE, C.J.

Appellants are owners of a residential property who signed a certain 2003 note and mortgage. They appeal the dismissal of their motion to enforce a settlement agreement allegedly regarding that note and mortgage.

For the reasons stated below, we reverse the dismissal and remand for further proceedings.

Appellants brought the underlying action against Ocwen Loan Servicing, LLC in 2014. Appellants sued Ocwen for alleged improper attempts to collect and foreclose on the note and mortgage. The lawsuit was ultimately resolved by a confidential settlement in 2016 (the "2016 Settlement").

Pursuant to the 2016 Settlement, the parties filed a joint stipulation of dismissal stating, "Plaintiffs and Defendant have settled the within cause pursuant to a written settlement agreement," and agreeing that the "[trial c]ourt shall retain jurisdiction to enforce the terms of the settlement agreement and enter such further orders as are necessary to that end."

The trial court entered an order approving the joint stipulation of dismissal. In relevant part, the order dismissed the case with prejudice and provided that the trial court would have jurisdiction to enforce the parties' settlement. Specifically, the order stated that the "[trial c]ourt shall retain jurisdiction to enforce the settlement agreement and enter such further orders as are necessary to that end."

On March 6, 2019, Ditech Financial, LLC filed a mortgage foreclosure action against Appellants concerning the same note and mortgage in a

2

different case styled, <u>Ditech Financial LLC v. Daniel A. Fernandez, et al.</u>, No. 2019-07895-CA (01) (Fla. 11th Cir. Ct.).

Apparently in response to Ditech Financial's foreclosure action, on May 27, 2022, Appellants filed a motion in the underlying action to enforce the 2016 Settlement. After a hearing on this motion, the trial court declined to address the merits and dismissed the motion "without prejudice to the issues raised in the Motion being addressed in Case No. 2019-07895-CA (01)."

Because the parties in 19-07895 and the parties in the underlying action are not the same and the relationship of the parties has not been established, it is far from clear that Appellants will have the same relief available to them in 19-07895 as they are claiming in the underlying action.

On appeal, moreover, both parties briefed this matter as a question of whether the trial court retained jurisdiction to enforce the settlement agreement. Given the language of the joint stipulation and the trial court's order, we hold that the trial court did retain such jurisdiction. <u>Platinum Luxury Auctions, LLC v. Concierge Auctions, LLC</u>, 227 So. 3d 685, 688 (Fla. 3d DCA 2017) ("When a trial court approves a settlement agreement by order and retains jurisdiction to enforce its terms, the trial court has the jurisdiction to enforce the terms of the settlement agreement."). In so holding, we are not addressing the merits of Appellants' motion to enforce the 2016 Settlement.

3

Ocwen argues that the trial court, although specifically reserving jurisdiction to enforce "the settlement agreement," never expressly approved the 2016 Settlement but only the joint stipulation which was based on the "written settlement agreement." We do not read the law as supporting this distinction in these circumstances.

Reversed.