# Third District Court of Appeal

## State of Florida

Opinion filed October 30, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-2105
Lower Tribunal No. 2022-13518-CA-01
_____

**Esther Lorenzo,**
Appellant,

vs.

**Homeowners Choice Property & Casualty Insurance Company,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Vivianne Del Rio, Judge.

StrubleCohen, and Matthew Struble (Indialantic), for appellant.

Cole, Scott & Kissane, P.A., and Scott A. Cole and Carly M. Weiss, for appellee.

Before FERNANDEZ, GORDO and BOKOR, JJ.

GORDO, J.

Esther Lorenzo ("Lorenzo") appeals a final order granting Homeowners Choice Property & Casualty Insurance Company's ("Homeowners Insurance") motion to enforce a pre-suit settlement agreement. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). Because the trial court erred in finding that a valid pre-suit settlement agreement existed between the parties, we reverse.

## I.

Lorenzo filed a claim for damages under her insurance policy after her property sustained water damage. Upon inspection of the property, Homeowners Insurance offered a net payment of $11,825, which Lorenzo did not accept. On October 1, 2021, after conducting a second inspection, the desk adjuster for Homeowners Insurance sent an email to Lorenzo's adjuster, proposing $35,000 to settle the claim. The offer, however, was "contingent on management approval." On October 4, 2021, Lorenzo's adjuster emailed the desk adjuster, confirming that Lorenzo would like to accept $35,000 to settle the claim and requested the release.

Lorenzo's adjuster sent several follow-up emails but did not receive management's approval or the release until March 28, 2022, nearly seven months after the negotiations had concluded. By that time, the damage to Lorenzo's property had further deteriorated and she filed a notice of intent to

2

litigate, demanding $46,000. Homeowners Insurance responded with a $20,000 offer to settle the claim. Lorenzo then filed this lawsuit for breach of contract.

Homeowners Insurance filed a motion to enforce pre-suit settlement agreement, arguing the correspondence from October 1, 2021 to October 4, 2021 between the parties' representatives formed an enforceable settlement agreement. Lorenzo filed a response opposing the motion. After a hearing, the trial court granted the motion, finding there was a valid offer and acceptance of the pre-suit settlement. This appeal followed.

## II.

"In the present case, we review the trial court's ruling de novo, as it depends on the interpretation . . . of the settlement agreement." Pinnacle Three Corp. v. EVS Invs., Inc., 193 So. 3d 973, 975-76 (Fla. 3d DCA 2016). "Because a settlement agreement is contractual in nature, it is interpreted and governed by contract law." Id. (quoting Muñoz Hnos., S.A. v. Ed. Televisa Int'l, S.A., 121 So. 3d 100, 103 (Fla. 3d DCA 2013)). "A trial court's finding of mutual assent 'must be supported by competent substantial evidence.'" Vision Palm Springs, LLLP v. Michael Anthony Co., 272 So. 3d 441, 444 (Fla. 3d DCA 2019) (quoting Cheverie v. Geisser, 783 So. 2d 1115, 1119 (Fla. 4th DCA 2001)).

**III.**

On appeal, Lorenzo argues the trial court erred in granting Homeowners Insurance's motion to enforce the pre-suit settlement agreement because the parties did not mutually assent to the settlement agreement.  We agree.

We start with the basic premise that settlements are "governed by the rules for interpretation of contracts."  Robbie v. City of Miami, 469 So. 2d 1384, 1385 (Fla. 1985).  "It is basic to Florida contract law that the acceptance of an offer that results in an enforceable agreement must be (1) absolute and unconditional; (2) identical with the terms of the offer; and (3) in the mode, at the place, and within the time expressly or impliedly stated within the offer."  Trout v. Apicella, 78 So. 3d 681, 684 (Fla. 5th DCA 2012).  "The party seeking to enforce a settlement agreement bears the burden of showing the opposing party assented to the terms of the agreement."  Spiegel v. H. Allen Holmes, Inc., 834 So. 2d 295, 297 (Fla. 4th DCA 2002).

The record before us establishes that Homeowners Insurance's desk adjuster explicitly conditioned the $35,000 settlement on management's approval.  Because the parties intended to take further action before finalizing a binding settlement agreement, we find the proposed settlement amount from Homeowners Insurance's adjuster was merely a solicitation

4

pending management's approval. See Vision Palm Springs, LLLP, 272 So. 3d at 444-48 ("The sole issue on appeal is whether the [Appellees] met their burden in the trial court to prove that the parties had reached a valid and binding settlement agreement. Based on the undisputed record evidence before us, we find that they did not . . . While the parties engaged in preliminary negotiations, there was no enforceable settlement agreement because there was no assent by all of the parties to an agreement that was sufficiently specific and mutually agreeable as to every essential element. [The Appellees'] counsel maintained throughout the negotiations that the insurance carrier would need to sign off before any agreement could be finalized . . . Where the record establishes that the parties intended further action be taken prior to completion of a binding agreement, the agreement is not final . . . Because we conclude, for the reasons set forth above, that no binding and enforceable settlement agreement existed between the parties, we reverse the trial court's order granting the [Appellees'] Motion to Enforce Settlement Agreement and remand for proceedings consistent herewith."); Meekins-Bamman Prestress, Inc. v. Better Constr., Inc., 408 So. 2d 1071, 1073 (Fla. 3d DCA 1982) ("It is universally held that a document such as the one involved in this case, which specifically conditions the contractual effectiveness of a proposal by a projected seller upon its own subsequent

5

approval, constitutes no more than a solicitation to the prospective purchaser to make an offer itself."); Jaffe v. Jaffe, 147 So. 3d 578, 581 (Fla. 3d DCA 2014) ("[P]reliminary negotiations do not establish a sufficient meeting of the minds to create an enforceable settlement agreement. 'To be judicially enforceable, a settlement 'must be sufficiently specific and mutually agreeable as to every essential element.'" (quoting Cheverie, 783 So. 2d at 1118)).

Further, Homeowners Insurance's desk adjuster was required to respond with a release that outlined all essential terms of the settlement within a reasonable timeframe in order to form a binding settlement agreement. Because the desk adjuster sent the release nearly seven months after the negotiations had concluded, no contract existed between the parties. See Hammond v. DSY Devs., LLC, 951 So. 2d 985, 988 (Fla. 3d DCA 2007) ("The general Florida rule is that when a contract does not expressly fix the time for performance of its terms, the law will imply a reasonable time." (quoting De Cespedes v. Bolanos, 711 So. 2d 216, 218 (Fla. 3d DCA 1998))); Fleming v. Burbach Radio, Inc., 377 So. 2d 723, 724 (Fla. 4th DCA 1979) (When a time limit is not specified for performance, "the party charged with performance must act within a reasonable time"); Sakowitz v. Waterside Townhomes Cmty. Ass'n, Inc., 338 So. 3d 26, 28 (Fla.

3d DCA 2022) ("[I]n the absence of an acceptance of the offer within a reasonable period of time, there is no contract.").  Accordingly, we reverse the final order under review and remand for further proceedings consistent with this opinion.

Reversed and remanded for further proceedings.